```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


ILLIANA SURGERY AND MEDICAL     )
CENTER LLC nka Heartland        )
Memorial Hospital LLC,          )
                                )
          Plaintiff             )
                                )
     v.                         )   Case No. 2:07 cv 3
                                )
HARTFORD FIRE INSURANCE         )
COMPANY,                        )
                                )
          Defendant             )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel Discovery filed by the plaintiff, Heartland Memorial Hospital LLC, on April 17, 2008. For the reasons set forth below, the motion is **GRANTED**.

Background

On or about December 10, 2004, the hospital alleges that database files, critical to its business operations and stored on Heartland Memorial Hospital LLC's enterprise-wide healthcare information management system (E-HIMS), were destroyed. (Complaint ¶¶ 16, 18) The hospital has alleged that an unidentified individual destroyed a component of the hospital's database and took subsequent actions to erase and/or copy over the physical disks on which data had been stored. (Comp. ¶ 18) The hospital now seeks indemnification from Hartford Fire Insurance Company, its insurer, for property loss and damages arising out of this incident.

In January 2005, the hospital delivered its Property Loss Notice concerning the incident to Hartford. (Comp. ¶ 20). Seven months later on August 24, 2005, a Hartford employee, Stephen Palazzolo, an adjuster handling the claim, wrote the hospital's counsel to schedule certain examinations under oath. Subsequently, on November 25, 2005, Palazzolo informed the hospital's counsel that the insurer was awaiting information necessary to make a claim coverage determination and complete its adjustment.

Palazzolo continued to request certain examinations under oath and indicated that the law firm of Fisher Kanaris, P.C. had been designated by Hartford to conduct the examinations. The hospital has alleged that Hartford retained Fisher Kanaris P.C. to fulfill its contractual obligation to adjust the claim.  The hospital then filed a complaint in Lake County on December 7, 2006, which was removed to this court on January 5, 2007.

At the pre-trial conference on April 4, 2007, this court ordered Hartford to produce certain documents, including its claim file, and ordered Hartford to prepare a privilege log for documents not produced.

## Discussion

A party is entitled to conduct discovery on any material that is "relevant to the claim or defenses of any party." Federal Rule of Civil Procedure 26(b)(1). A party may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Federal Rules of Civil Procedure 37(a)(2) and (3). The court has broad

discretion when reviewing a discovery dispute and "independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

The objecting party carries the burden to show why a particular request is improper. *Kodish v. Oakbrook Terrace Fire Protection District*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). When a privilege is raised, the party raising the privilege carries the burden of showing that a particular document is privileged. *Allendale Mutual Insurance Company v. Bull Data Systems, Inc.*, 152 F.R.D. 132, 137 (N.D. Ill. 1993). A specific explanation of why the document is privileged must be shown by the party claiming a privilege, such that a court can decide whether the party has met its burden. *Allendale Mutual Insurance Company*, 152 F.R.D. at 137.  Mere conclusory statements of privilege will not satisfy the party's burden. *U.S. v. White*, 950 F.2d 426, 430-31 (7th Cir. 1991).

The attorney-client privilege is the oldest privilege, recognized by the common law, for confidential communications. *Upjohn Company v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). The attorney-client privilege is designed to prevent the disclosure of confidential information about a client. *Allendale Mutual Insurance Company*, 152 F.R.D. at 135 (*citing United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983)). It is intended to encourage complete and honest communication between attorneys and their clients and thereby "promote

broader public interests in the observance of law and the administration of justice." *Upjohn*, 449 U.S. at 389, 101 S.Ct. at 682.

When the basis of federal jurisdiction is diversity, the court applies the state law of attorney-client privilege. Federal Rule of Evidence 501. *See Country Life Insurance Company v. St. Paul Surplus Lines Insurance Company*, No. 03-1224, 2005 WL 3690565 at *4 (C.D. Ill. Jan. 31, 2005). *See also Lorenz v. Valley Forge Insurance Company*, 815 F.2d 1095, 1097 (7th Cir. 1987). Indiana codified the attorney-client privilege under Indiana Code § 34-46-3-1 which states in part that "[e]xcept as otherwise provided by statute, the following persons shall not be required to testify regarding the following communications: (1) Attorneys, as to confidential communication made to them in the course of their professional business, and to advice given in such cases." The attorney-client privilege "applies to all communications between the client and his attorney for the purpose of obtaining professional legal advice or [legal] aid regarding the client's rights and liabilities." *Penn Central Corporation v. Buchanan*, 712 N.E.2d 508, 515 (Ind. App. 1999). "The scope of the privilege should be strictly confined within the narrowest possible limits." *Lawless*, 709 F.2d at 485. *See also Prevue Pet Products, Inc. v. Avian Adventures, Inc.,* 200 F.R.D. 413, 415 (N.D. Ill. 2001).

"Regarding insurance claims, to the extent that an attorney has acted as a claims adjuster, claims process supervisor, or claims investigation monitor, and not as a legal advisor, the

4

privilege is not applicable." *Stout v. Illinois Farmers Insurance Company*, 150 F.R.D. 594, 610 (S.D. Ind. 1993). *See also Continental Casualty Company v. Marsh,* No. 01 C 0160, 2004 WL 42364 at *2 (N.D. Ill. Jan. 6, 2004)("The public policy issue behind this result is that insurance companies, which are in the business of reviewing, processing, and adjusting claims, should not be permitted to insulate the factual findings of a claims investigation by the involvement of an attorney to perform such work."). Further, an insurance company's blanket claim of privilege is insufficient without specific information regarding each document withheld on the basis of privilege. *Hartford Financial Services Group, Inc. v. Lake County Park and Recreation Board*, 717 N.E.2d 1232, 1237 (Ind. App. 1999). Thus, information does not become privileged simply because it came from counsel and was declared as advice. *Allendale Mutual Insurance*, 152 F.R.D. at 138.

    Hartford has offered little beyond the conclusory statement that these documents represent attorney-client communications and that legal advice is included in the investigation of the claim. There is no dispute that Palazzolo acted entirely as a claims adjuster. Consequently, the parties' dispute regards the capacity in which the firm Fisher Kanaris, P.C. was employed. Despite Hartford's claim that the firm was "acting as counsel," the record indicates only that this firm conducted certain examinations under oath. However, Hartford has offered no argument that this activity reached beyond that of a claims adjuster, claims process supervisor, or claims investigation monitor and can be

5

equated to legal advice.  Rather, Hartford's argument is comparable to an assertion that all communication from the attorneys should be classified under attorney-client privilege. Hartford further argues that, because Palazzolo announced himself as a general claims adjuster, Fisher Kanaris, P.C., must have provided "legal advice." This assumption still leaves unclear how, with respect to these documents, the firm's conduct equated to legal advice. Even more importantly, Hartford has not met its burden of showing why each of the documents over which it asserts the privilege is entitled to protection. Instead, the privilege log contains virtually the same boilerplate language with respect to each assertion of the privilege.

Hartford also claims that numerous documents are subject to protection according to the work product doctrine. The work product privilege exists so that one party cannot learn the opposing counsel's strategies and legal theories, thereby gaining an unfair advantage. *Allendale Mutual Insurance*, 152 F.R.D. at 135 (*citing* *Binks Manufacturing Company v. National Presto Industries, Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983)). Unlike the attorney-client privilege, the work product doctrine arises under federal law, even in a diversity case applying state substantive law. *Dawson v. N.Y. Life Insurance Company*, 901 F.Supp. 1362, 1367 (N.D. Ill. 1995). Specifically, a document generated or obtained by an insurer is entitled to the protection from discovery if the document can fairly be said to have been prepared or obtained because of the prospect of litigation and

6

not, even though litigation already may be a prospect, because it was generated as part of the company's regular operating procedure. *See also* Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* §2024 (1994). Claim file documents, materials that are part of a factual evaluation or investigation into an insured's claim, if created prior to a final coverage decision, are presumed to have been prepared in the ordinary and routine course of the insurer's business and not for litigation, thus they are not protected by the work-product privilege. *See* **Harper v. Auto-Owners Insurance Company**, 138 F.R.D. 655, 663 (S.D. Ind. 1991). *See also* **Stout**, 150 F.R.D. at 599. Furthermore, notice that an attorney has been retained, without additional proof that the insurer was doing something more than investigating and processing an insurance claim, is not enough to lead an insurer to anticipate litigation and claim the work-product privilege. **Henderson v. Zurn Industries, Inc.**, 131 F.R.D. 560, 570-71 (S.D. Ind. 1990).

If the insurer argues it acted in anticipation of litigation before it formally denied the claim, it bears the burden of persuasion by presenting specific evidentiary proof of objective facts demonstrating a resolve to litigate. **Harper**, 138 F.R.D. at 663; **Stout**, 150 F.R.D. at 599. Furthermore, a mere possibility of litigation alone is not enough to meet the insurer's stringent burden. "It is clear in this Circuit that a mere likelihood, even an obvious or substantial likelihood, of litigation is insufficient to satisfy the requirement of the Rule." **Stout**, 150 F.R.D.

7

at 609. In addition, a dual purpose document argument also fails because "if a document or thing would have been created for non-litigation uses regardless of its intended use in litigation preparation, it should not be accorded work product protection." *Stout*, 150 F.R.D. at 604.

Hartford has not shown that its documents were segregated from the claim evaluation process or that it would be unreasonable to presume that the documents were drafted to evaluate the claim based upon the evidence gathered beforehand. *Stout*, 150 F.R.D. at 599-600. It is evident that Hartford would have undertaken the investigative measures in which these items were created regardless of its intent to prepare for litigation. There is nothing in the record to contradict the conclusion that Hartford conducted the investigation in order to arrive at a claims decision and not to construct a litigation strategy. Furthermore, the prospect of litigation still was inchoate when the documents were created. Hartford's blanket assertion has not rebutted the presumption that these documents were not prepared in anticipation of litigation. Accordingly, the hospital's motion to compel is **GRANTED**.

_____

For the foregoing reasons, the Motion to Compel Discovery filed by the plaintiff, Heartland Memorial Hospital LLC, on April 17, 2008, is **GRANTED**.

ENTERED this 30th day of June, 2008

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge