United States District Court
Northern District of Indiana
Hammond Division

| | |
|---|---|
| ILLIANA SURGERY AND MEDICAL CENTER LLC, ) ) ) Plaintiff, ) ) v. ) ) ) HARTFORD FIRE INSURANCE ) COMPANY, ) ) Defendant. ) | Civil Action No. 2:07-CV-3 JVB |

**OPINION AND ORDER**

This matter is before the Court on Defendant Hartford Fire Insurance Company's objections to Magistrate Judge Andrew P. Rodovich's June 30, 2008, Order granting Plaintiff Illiana Surgery and Medical Center's motion to compel production of documents (DE 47).

**A. Standard of Review**

In considering objections to a magistrate judge's order on a nondispositive matter, a district court may modify or set it aside only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Discovery rulings, including decisions relating to the attorney-client and work product privileges, are nondispositive matters. *See Eisai Ltd. v. Dr. Reddy's Labs., Inc.*, 406 F. Supp. 2d 341, 342 (S.D.N.Y. 2005). The district court reviews the magistrate judge's factual determinations under the "clear error" standard, *see Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338, 340 (S.D. Iowa 1993, and the legal determinations under the "contrary to law" standard, *see Young v. Conductron Corp.*, 899 F. Supp. 39, 40 (D. N.H. 1995); *Bryant v. Hilst*,

136 F.R.D. 487, 488 (D. Kan.1991).

Whether the attorney-client and work product privileges protect information from disclosure is a mixed question of fact and law which requires review under the clearly erroneous standard. *See United States. v. Frederick*, 182 F.3d 496, 499 (7th Cir. 1999). Under that standard the district court can overturn a magistrate judge's ruling only if it is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

**B. Background**

Plaintiff alleges that around December 10, 2004, database files critical to its business operations were destroyed. It seeks indemnification from the Defendant, its insurer, for damages arising out of this incident. In January 2005 Plaintiff submitted its Property Loss Notice to Defendant. Stephen Palazzolo, an adjuster for Defendant, contacted Plaintiff's attorney to schedule examinations under oath, indicating that the law firm of Fisher Kanaris, P.C., would conduct the examinations. On January 5, 2007, before Defendant informed Plaintiff of any decision on the claim, Plaintiff filed suit in Lake County. Defendant removed the case to this Court. At a pretrial conference on April 4, 2007, Magistrate Judge Rodovich ordered Defendant to produce its claim file and to prepare a privilege log for documents not produced.

Following receipt of Defendant's Revised Privilege Log, Plaintiff filed a motion to compel production of all eleven items listed on the log, for which Defendant claimed protection under the attorney-client and work product privileges; or alternatively, to require Defendant to submit them to the Court for in camera inspection. Defendant argued for denial of the motion in

2

its entirety, or for judicial inspection of the contested documents in camera. On June 30, 2008, Magistrate Judge Rodovich granted Plaintiff's motion without an in camera inspection.

On July 9, 2008, Defendant filed timely objections to the magistrate judge's order requiring production of a letter identified as HC 1118-1123 and Fisher Kanaris invoices identified as HC1132. Defendant claims that review of HC 1118-1123 would clearly reveal that it is protected by the attorney-client and work product privileges in that it "references legal advice, impressions, and recommendations to the client" (Objections 2); and that the invoices are similarly protected because they refer to legal services provided to the Defendant. On October 24, 2008, this Court ordered Defendant to produce the contested documents for in camera review. The Court has reviewed the documents.

**C. Discussion**

As Magistrate Judge Rodovich observed, when the basis of federal jurisdiction is diversity, the court applies the state law of attorney-client privilege, Federal Rule of Evidence 501, while the work product privilege is a matter of federal law, *Dawson v. N.Y. Life Ins. Co.*, 901 F. Supp. 1362, 1367—68 (N.D. Ill. 1995)). Defendant, as the party resisting production, bears the burden of establishing a justification for its position. *See Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450. (N.D. Ill. 2006).

To the extent that an attorney has acted as a claims adjuster, claims process supervisor, or claims investigation monitor, and not as a legal advisor, the attorney-client privilege is not applicable. *Stout v. Ill. Farmers Ins. Co.*, 150 F.R.D. 594, 610 (S.D. Ind. 1993). *See also Hartford Fin. Servs. Group, Inc. v. Lake County Park and Recreation Bd.*, 717 N.E.2d 1232,

3

1236 (Ind. Ct. App. 1999). The work product doctrine protects documents generated or obtained by an insurer if they can fairly be said to have been created because of the prospect of litigation rather than as a part of the company's regular business of investigating and evaluating the merits of claims. *See Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 662—63 (S.D. Ind. 1991). Claim file materials that are part of a factual evaluation or investigation into an insured's claim, if created before a final coverage decision has been made, are presumed to have been prepared in the ordinary and routine course of the insurer's business. *Id.*

HC 1118-1123 is not protected by either privilege. It is merely a summary of Robert Underwood's examination under oath and suggestions for further investigation of the claim. These are claims adjustment functions. No legal advice is given. There is no suggestion that the summary was prepared in anticipation of litigation. Accordingly, the Court affirms the magistrate judge's order with respect to this document.

As to HC 1132—1161, Defendant has asserted a blanket privilege with respect to the 25 pages of billing statements from the law firm of Fisher Kanaris, including entries from February 2005 through April 2006. Yet the vast majority of the entries appear to relate purely to claims adjustment tasks, such as requesting information from the insured, reviewing the information, and determining what other information should be sought in order to make a decision regarding the claim–activities which took place before a coverage decision was reached. Without discussing the merits of the remaining entries, the Court notes that Defendant could have asserted its claim of privilege to specific entries rather than asserting a blanket privilege. This Court will not redact the statements entry by entry. Hence, the Court determines that Magistrate Judge Rodovich's decision that neither the attorney-client privilege nor the work product

doctrine protects the documents identified as HC 1132-1161 is not clearly erroneous.

**D. Conclusion**

Defendant has failed to convince the Court that Magistrate Judge Rodovich's decision to compel production of HC 1118-1123 and HC 1132-1161 is clearly erroneous. Defendant's objections to the magistrate judge's decision granting Plaintiff's motion to compel production of documents (DE 47) are overruled. The Defendant shall produce the documents to the Plaintiff by November 25, 2008.

SO ORDERED on November 18, 2008.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge