```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

ILLIANA SURGERY AND MEDICAL  )
CENTER LLC nka Heartland     )
Memorial Hospital LLC,       )
                             )
          Plaintiff          )
                             )
     v.                      )    Case No. 2:07 cv 3
                             )
HARTFORD FIRE INSURANCE      )
COMPANY,                     )
                             )
          Defendant          )

<u>OPINION AND ORDER</u>

This matter is before the court on defendant Hartford Insurance Company's Motion for Leave to Serve More than Twenty-five (25) Interrogatories filed on June 5, 2008. For the reasons set forth below, the motion is **GRANTED.**

<u>Background</u>

Heartland Memorial Hospital LLC alleges that on or about December 10, 2004, database files critical to its business operations and stored on its enterprise-wide healthcare information management system (E-HIMS) were destroyed. Heartland has alleged that an unidentified individual destroyed a component of the hospital's database and then took actions to erase and/or copy over the physical disks on which data had been stored. Heartland now seeks indemnification from its insurer, Hartford Fire Insurance Company, for property loss and damage arising out of this incident.

In January 2005, Heartland delivered its Property Loss Notice concerning the incident to Hartford. Seven months later on August 24, 2005, Stephen Palazzolo, a Hartford adjuster handling the claim, wrote Heartland's counsel to schedule certain examinations under oath to investigate and adjust the claim. On November 25, 2005, Palazzolo informed Heartland's counsel that the insurer was awaiting information necessary to make a claim coverage determination and complete its adjustment. Palazzolo continued to request examinations under oath and indicated that the law firm of Fisher Kanaris, P.C., had been designated by Hartford to conduct them. Heartland has alleged that Hartford retained Fisher Kanaris, P.C., to fulfill its contractual obligation to adjust the claim. The hospital filed a complaint in the Lake County Court on December 7, 2006, which was removed to this court on January 5, 2007.

Hartford seeks leave to serve 43 interrogatories claiming: (1) Heartland provided a list of 51 witnesses, a number of whom are in India and will be difficult to locate; (2) Heartland has failed to respond to requests for supporting documentation and examinations under oath, despite its obligations under the insurance policy; (3) the interrogatories will narrow the issues of the case; (4) the requested information can be obtained only through Heartland; (5) the use of interrogatories is more efficient and convenient than deposing all of the witnesses indicated by Heartland; and (6) the interrogatories are not duplicative,

2

cumulative, or unduly burdensome and are not being brought to harass Heartland or delay proceedings.

Heartland contends that the interrogatories in excess of 25 are expensive and burdensome, the motion for additional interrogatories is premature, the interrogatories are too broad and are better suited for a deposition, and the inclusion of excess interrogatories unfairly shifts the costs to Heartland. In addition, Heartland believes that the number of interrogatories will exceed 50 and that the examinations under oath and voluminous documents provided during the claims-adjustment process should suffice.

## Discussion

Discovery is a mechanism to avoid surprise, disclose the nature of the controversy, narrow the contested issues, and provide the parties a means by which to prepare for trial. 8 Wright & Miller, *Federal Practice and Procedure* §2001, at 44-45 (2d ed. 1994). To effectuate these purposes, the federal discovery rules are liberally construed. **Spier v. Home Insurance Co.**, 404 F.2d 896 (7th Cir. 1968). *See also* 8 Wright & Miller, *Federal Practice and Procedure* §2001, at 44 (2d ed. 1994). Interrogatories have advantages over other methods of discovery because they "serve a proper function in avoiding unfruitful depositions, in inexpensively narrowing the areas of discovery, in minimizing delay, and in narrowing issues for trial." **In re Potash Antitrust Litigation**, 161 F.R.D. 405, 409 (D. Minn. 1995).

The use of interrogatories is governed by Federal Rule of Civil Procedure 33. Rule 33(a)(1) states that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Thus, a party may petition the court for an order allowing it to serve additional interrogatories.

Federal Rule of Civil Procedure 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

This limitation is not meant "to prevent needed discovery, but to provide some judicial scrutiny before parties make potentially excessive use of this discovery device." 8A Wright & Miller, *Federal Practice and Procedure* §2168.1, at 262 (2d ed. 1994) (*quoting* Advisory Committee Notes, 146 F.R.D. 401, 676).

The court approaches the issue of whether a party may serve more than 25 interrogatories on a case-by-case basis. ***Duncan v. Paragon Publishing, Inc.***, 204 F.R.D. 127, 128 (S.D. Ind. 2001)

(citation omitted). Some courts require a party to exhaust available discovery prior to seeking leave to serve additional discovery. *See Duncan*, 204 F.R.D. at 128 (denying a motion for supplemental discovery where party sought to serve additional interrogatories without first exhausting the 25 granted under Rule 33). Additionally, courts require a party seeking to serve more than 25 interrogatories to make a "particularized showing" of necessity. *Duncan,* 204 F.R.D. at 128 (*citing Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota,* 187 F.R.D. 578, 586 (D. Minn. 1999)).

In *Duncan*, the plaintiffs sought leave to serve 99 interrogatories on the defendants, claiming the information sought could not be obtained from a more convenient source, the interrogatories were not unreasonably cumulative or duplicative, and the interrogatories would not serve as an annoyance or cause significant expense to the defendants. *Duncan*, 204 F.R.D. at 128. The defendants objected to the request, arguing that the plaintiffs sought to serve more than 178 interrogatories in total, the interrogatories were burdensome and oppressive, and the plaintiffs failed to make a particularized showing of need for the information. The District Court for the Southern District of Indiana, agreeing with the defendants, denied plaintiffs' motion, finding that the plaintiffs failed to make a particularized showing of necessity under the circumstances. Additionally, the court noted that the requested interrogatories resembled a

deposition outline more than interrogatories as contemplated under Rule 33. *Duncan*, 204 F.R.D. at 129.

In other situations, courts have denied a party's request for leave to serve additional interrogatories. See *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D.N.C. 1998) (finding that plaintiff must show good cause to serve up to 50 additional interrogatories); *Frost v. Williams*, 46 F.R.D. 484 (D. Md. 1969) (finding the service of 200 interrogatories to be oppressive and frivolous).

As the preceding cases make clear, Hartford must do more than state that the proffered interrogatories are more convenient, less burdensome, and not duplicative. Hartford must demonstrate a particularized need. *Duncan,* 204 F.R.D. at 128. The court finds that it has.

It is undisputed in the motions before this court that certain potential witnesses reside in India. Though the proffered interrogatories undoubtedly will require some expense and burden to Heartland, answering the interrogatories is less burdensome than other discovery alternatives. Heartland does not claim, nor has the court found, the proffered interrogatories to be cumulative or duplicative. Though they number more than 25, they do not include numerous sub-parts as is often the case.

Additionally, Hartford has not had the opportunity to obtain the information sought in the interrogatories. Though Heartland provided information and testimony during the claims-adjustment process, Hartford is not foreclosed from seeking leave to serve

more than 25 interrogatories. Hartford's claim that Heartland's breach of the examinations under oath clause of the insurance contract, though not established, indicates the possibility that Hartford has not had the opportunity to obtain the information sought.

Finally, the burden of answering the additional interrogatories does not outweigh the benefits. As Hartford has indicated, answering the interrogatories in conformity with Rule 33(b) will narrow the issues for trial and limit the number of depositions that will have to take place. Additionally, Hartford has shown a particularized need for the information for the same reasons stated above: a number of the key witnesses will be difficult to access since they are in India, and Hartford was unable to conduct a complete investigation in the claims-adjustment stage.

Though some courts have required exhaustion of available discovery before a party can seek additional discovery, where, as in this case, a party has made a particularized showing of need, such a rule will only lead to further discovery disputes. Faced with the request to serve the additional interrogatories now, the court is disinclined to refuse on that basis, only to be confronted with the identical issue once those 25 are answered. Therefore, the court, liberally construing the rules of discovery to effectuate its intended purposes, finds that Hartford has provided a particularized need for additional interrogatories under Rules 26(b) and 33.

_____

For the foregoing reasons, the defendant's Motion for Leave to Serve More Than Twenty-Five (25) Interrogatories (DE 40) filed on June 5, 2008, is **GRANTED**. Hartford shall serve the interrogatories within 15 days of this order. Heartland shall respond to the interrogatories within 30 days of service.

ENTERED this 1st day of December, 2008

                                      s/ ANDREW P. RODOVICH
                                          United States Magistrate Judge