UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ILLIANA SURGERY AND MEDICAL )
CENTER LLC nka Heartland )
Memorial Hospital LLC, )
iHEALTHCARE, INC., )
 )
      Plaintiffs )
 )
    v. ) Case No. 2:07 cv 3
 )
HARTFORD FIRE INSURANCE )
COMPANY, )
 )
      Defendant )

## OPINION AND ORDER

This matter is before the court on the Motion to Quash Pugliese Subpoena and Request for Protective Order [DE 115] filed by the defendant, Hartford Fire Insurance Company, on June 25, 2010; the Motion for Leave to Conduct Two (2) Depositions After Discovery Deadline [DE 121] filed by the plaintiffs, Illiana Surgery and Medical Center and iHealthcare, Inc., on July 30, 2010; and the Motion for Leave to File Heartland's Submission of the Deposition of Michael S. Nigohosian in Response to Hartford's Motion to Quash (DKT. 115) [DE 125] filed by the plaintiffs on August 20, 2010. Based on the following, the Motion to Quash Pugliese Subpoena and Request for Protective Order [DE 115] is DENIED. In light of the agreement between the parties, the Motion for Leave to Conduct Two (2) Depositions After Discovery Deadline [DE 121] is GRANTED, and the Motion for Leave to File

Heartland's Submission of the Deposition of Michael S. Nigohosian in Response to Hartford's Motion to Quash (DKT. 115) [DE 125] is GRANTED.  Heartland's submission of the deposition of Michael S. Nigohosian in response to Hartford's motion to quash is deemed filed and served instanter and is hereby incorporated by reference into Hartford's Reply in support of its motion to quash the Pugliese subpoena.

## Background

On or about December 10, 2004, the hospital alleges that database files, critical to its business operations and stored on Heartland Memorial Hospital LLC's enterprise-wide healthcare information management system, were destroyed. (Complaint ¶¶ 16, 18) The hospital has alleged that an unidentified individual destroyed a component of the hospital's database and took subsequent actions to erase and/or copy over the physical disks on which data had been stored. (Comp. ¶ 18) The hospital now seeks indemnification from Hartford Fire Insurance Company, its insurer, for property loss and damages arising out of this incident.

In January 2005, the hospital delivered its Property Loss Notice concerning the incident to Hartford. (Comp. ¶ 20)  Seven months later on August 24, 2005, a Hartford employee, Stephen Palazzolo, an adjuster handling the claim, wrote the hospital's

2

counsel to schedule certain examinations under oath and indicated that Hartford was designating the law firm of Fisher Kanaris, P.C. to conduct the examinations. The hospital has alleged that Hartford retained Fisher Kanaris P.C. to fulfill its contractual obligation to adjust the claim, and on June 2, 2010, the hospital issued a subpoena and deposition notice for the deposition of Kevin Pugliese, an attorney employed by Fisher Kanaris, P.C. The hospital seeks to elicit information relating to its bad faith claim, asserting that Pugliese led the claims adjustment. Hartford now moves to quash the subpoena on the grounds of attorney-client privilege.

## Discussion

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that "[o]n timely motion, the Court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected material and no exception or waiver applies." Further, "the party seeking to quash a subpoena under Rule 45(c)(3)(A) has the burden of demonstrating that the information sought is privileged or subjects a person to an undue burden." Hodgdon v. Northwestern University, 245 F.R.D. 337, 341 (N.D. Ill. 2007). A specific explanation of why the document is privileged must be shown by the party claiming a privilege, such that a court can decide whether the party

has met its burden. Allendale Mutual Insurance Company v. Bull Data Systems, Inc., 152 F.R.D. 132, 137 (N.D. Ill. 1993). Mere conclusory statements of privilege will not satisfy the party's burden. United States v. White, 950 F.2d 426, 430-31 (7th Cir. 1991).

The attorney-client privilege is the oldest privilege recognized by the common law for confidential communications. Upjohn Company v. United States, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981). The attorney-client privilege is designed to prevent the disclosure of confidential information about a client. Allendale Mutual Insurance Company, 152 F.R.D. at 135 (citing United States v. Lawless, 709 F.2d 485, 487 (7th Cir. 1983)). It is intended to encourage complete and honest communication between attorneys and their clients and thereby "promote broader public interests in the observance of law and administration of justice." Upjohn, 449 U.S. at 389, 101 S.Ct. at 682.

When the basis of federal jurisdiction is diversity, the court applies the state law of attorney-client privilege. Federal Rule of Evidence 501. See Country Life Insurance Company v. St. Paul Surplus Lines Insurance Company, 2005 WL 3690565, *4 (C.D. Ill. Jan. 31, 2005). See also Lorenz v. Valley Forge Insurance Company, 815 F.2d 1095, 1097 (7th Cir. 1987). Indiana codified the attorney-client privilege under Indiana Code §34-46-

3-1 which states in part that "[e]xcept as otherwise provided by statute, the following persons shall not be required to testify regarding the following communications: (1) Attorneys, as to confidential communication made to them in the course of their professional business, and to advice given in such cases." The attorney-client privilege "applies to all communications between the client and his attorney for the purpose of obtaining professional legal advice or [legal] aid regarding the client's rights and liabilities." Penn Central Corporation v. Buchanan, 712 N.E.2d 508, 515 (Ind. App. 1999). "The scope of the privilege should be strictly confined within the narrowest possible limits." Lawless, 709 F.2d at 485. See also Prevue Pet Products, Inc. v. Avian Adventures, Inc., 200 F.R.D. 413, 415 (N.D. Ill. 2001).

"Regarding insurance claims, to the extent that an attorney has acted as a claims adjuster, claims process supervisor, or claims investigation monitor, and not as a legal advisor, the privilege is not applicable." Stout v. Illinois Farmers Insurance Company, 150 F.R.D. 594, 610 (S.D. Ind. 1993). See also Continental Casualty Company v. Marsh, 2004 WL 42364, *2 (N.D. Ill. Jan. 6, 2004)("The public policy issue behind this result is that insurance companies, which are in the business of reviewing, processing, and adjusting claims, should not be permitted to

insulate the factual findings of a claims investigation by the involvement of an attorney to perform such work."). Further, an insurance company's blanket claim of privilege is insufficient without specific information regarding each document withheld on the basis of privilege. Hartford Financial Services Group, Inc. v. Lake County Park and Recreation Board, 717 N.E.2d 1232, 1237 (Ind. App. 1999). Thus, information does not become privileged simply because it came from counsel and was declared as advice. Allendale Mutual Insurance, 152 F.R.D. at 138.

Hartford represents that it retained Fisher Kanaris to conduct examinations and provide legal direction. In support of its position, Hartford submitted Palazzolo's deposition which states the same. However, a party cannot make a broad assertion that counsel was retained for legal advice. Allendale Mutual Insurance, 152 F.R.D. at 138. Rather, the privilege is read narrowly, and the party opposing discovery must establish the privilege on an item-specific basis. Hartford Financial Services, 717 N.E.2d at 1237; Irving Materials, Inc. v. Zurich Am. Ins. Co., 2007 U.S. Dist. LEXIS 95261, *13 (Dec. 28, 2007).

Hartford has not proven that all of Pugliese's services have been providing legal advice. Irving, 2007 U.S. Dist. LEXIS at *13 (declining to extend the attorney-client privilege where the insurer failed to establish that all of the attorney's services

were for the purpose of rendering legal advice). Palazzolo stated that Pugliese was retained to review documents and put them in correct form. See Irving, 2007 U.S. Dist. LEXIS at 13 (finding that the attorney-client privilege did not apply where the attorney sorted out the documents and provided a file when the claim was ready to be paid). Pugliese also wrote the correspondence to the hospital that Palazzolo passed along as his own, conducted the examinations of Heartland's officers, and attended the technical inspection of Heartland's facility. Although Palazzolo represents that Pugliese was hired as coverage counsel, Pugliese never issued a coverage opinion. Pugliese's time log represents that he had telephone conferences with Hartford's in-house adjuster regarding the nature of the insurance claim and strategy for handling the claims before the hospital's complaint was filed. Therefore, the evidence suggests that Pugliese engaged in functions of a claims adjuster, including interviewing, inspecting, and engaging in conversations with the claims adjuster concerning an effective settlement prior to the commencement of litigation. Hartford has not met its burden of showing how these activities equate to legal advice. Palazzolo's broad assertion that Pugliese was retained for legal advice does not establish that this is the type of service Pugliese did in fact render on all occasions. Rather, the evidence establishes

7

that Pugliese performed many activities involved in the investigation of the insurance claims. Because the court favors allowing depositions to move forward and for the privilege to be raised on an individual basis, Hartford's motion to quash Pugliese's subpoena and for a protective order is DENIED. See Hunt International Resources Corp. v. Binstein, 98 F.R.D. 689, 690 (N.D. Ill. 1983)("The more appropriate method is to allow the deposition to be taken and permit the attorney to claim privilege in the face of certain questions, if necessary."). "The attorney-client privilege can, however, be invoked for information pertaining to general coverage issues (in contrast with the specific handling of the underlying claims) and other legal advice." See Irving, 2007 U.S. Dist. LEXIS at 13-14.

Based on the foregoing, the Motion to Quash Pugliese Subpoena and Request for Protective Order [DE 115] filed by the defendant, Hartford Fire Insurance Company, on June 25, 2010, is DENIED, the Motion for Leave to Conduct Two (2) Depositions After Discovery Deadline [DE 121] filed by the plaintiffs, Illiana Surgery and Medical Center and iHealthcare, Inc., on July 30, 2010, is GRANTED, and the Motion for Leave to File Heartland's Submission of the Deposition of Michael S. Nigohosian in Response to Hartford's Motion to Quash (DKT. 115) [DE 125] filed by the plaintiffs on August 20, 2010, is GRANTED.

ENTERED this 18th day of November, 2010

                                              s/ Andrew P. Rodovich
                                                 United States Magistrate Judge