**United States District Court**
**Northern District of Indiana**
**Hammond Division**

| | |
|---|---|
| ILLIANA SURGERY AND, ) | |
| MEDICAL CENTER, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 2:07-CV-3 JVB |
| ) | |
| ) | |
| HARTFORD FIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's motion to bar Plaintiffs' expert, Olie R. Jolstad, and to exclude his opinions and report. (DE 84.)

**I.**

Plaintiff Illiana Surgery and Medical Center, now know as Heartland Memorial Hospital, LLC, is an Indiana limited liability company based in Munster, Indiana. Plaintiff iHealthcare, Inc., is a Muncie-based Indiana corporation who is the sole member of Heartland. The Court will refer to the Plaintiffs as "Illiana." Defendant Hartford Fire Insurance Company is Illiana's insurer under Policy No. 36 UUM LN 5364 K3. Illiana is seeking coverage for property loss and related damages resulting from the destruction of computer database files used for billing, inventory control, scheduling and other tasks necessary to its business operations. In the complaint, Illiana alleges that Hartford breached the insurance contract and its duty of good faith and fair dealing and requests compensatory and punitive damages as well as a declaration that

Hartford is obligated to cover its losses.

Illiana retained Olie R. Jolstad as an expert on insurance matters and disclosed his report to Hartford. Hartford seeks to bar Jolstad as a witness because it believes his report contains inadmissible conclusory statements that usurp the Court's role in defining the law and the jury's role in applying the law to the facts.

Jolstad's report sets out the following summary of his opinions:

1. Hartford failed to settle [Illiana's] computer software and media loss, which occurred as the result of a covered cause of loss under Hartford's insurance contract, in a prompt, fair, or equitable manner.

2. Hartford engaged in unfair and deceptive practices including . . . failing to disclose information to Heartland, created [sic] inherent conflicts of interest, knowingly omitted information, reports, and documentation from its claim file, and knowingly instructed a Hartford employee to omit information and documentation from Hartford's claim file.

3. Hartford engaged in reckless misconduct before and after litigation in this case designed to avoid payment of Heartland's claim.

4. Hartford failed to affirm or deny coverage within a reasonable amount of time, and failed to disclose the facts of its investigation to Heartland.

5. Hartford's conduct falls below acceptable insurance industry customs, practices, and standards.

Illiana maintains that Jolstad's opinions are proper and admissible, or, even if some portions of his report indicate that his trial testimony will include impermissible legal conclusions, Defendants' motion to exclude his testimony in its entirety is overly broad: Defendants should instead have filed a targeted motion in limine.

**II.**

2

Federal Rule of Evidence 702 addresses the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The proponent of expert evidence bears the burden of establishing its admissibility. *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 589-92 (1993). A witness may not offer opinions about legal issues that will determine the outcome of the case, or testify about legal issues on which the judge will instruct the jury. *United States v. Sinclair*, 74 F.3d 753, 758 n. 1 (7th Cir. 1996).

## III.

The Court finds that some of some of Jolstad's opinions are legal conclusions and conclusory statements that will not assist the jury but agrees with Illiana that barring his testimony altogether goes too far. Accordingly, Hartford's motion (DE 84) is GRANTED in part and DENIED in part. Jolstad will not be permitted to offer his opinion that Illiana's computer software and media loss was a covered loss under the policy. Nor may he characterize Hartford's behavior as unfair, inequitable, deceptive, or reckless or apply other such conclusory pejoratives to Hartford's conduct. He may testify as to what insurance industry standards are and give his opinions as to how Hartford departed from those standards.

However, the Court declines to conduct a line-by-line critique of Jolstad's report. If

3

Hartford has specific objections to other portions of the report, it should file a targeted motion in limine. Moreover, these rulings are preliminary and the parties may ask the Court to reconsider them as the evidence develops at trial. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("[A] ruling [in limine] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *quoting Luce v. United States*, 469 U.S. 38, 41 (1984)).

SO ORDERED on March 11, 2011.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge