# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| ILLIANA SURGERY AND, )<br>MEDICAL CENTER, LLC, et al., )<br>    )<br>    Plaintiffs, )<br>    )<br>  v. )<br>    )<br>    )<br>HARTFORD FIRE INSURANCE )<br>COMPANY, )<br>    )<br>    Defendant. ) | Civil Action No. 2:07-CV-3 JVB |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' motion to exclude portions of the testimony of Defendant's expert, Dale Frediani. (DE 93.)

**A.    BACKGROUND**

Plaintiff Illiana Surgery and Medical Center, now know as Heartland Memorial Hospital, LLC, is an Indiana limited liability company based in Munster, Indiana. Plaintiff iHealthcare, Inc., is a Muncie-based Indiana corporation who is the sole member of Heartland. The Court will refer to the Plaintiffs as "Illiana." Defendant Hartford Fire Insurance Company is Illiana's insurer under Policy No. 36 UUM LN 5364 K3. Illiana is seeking coverage for property loss and related damages resulting from the destruction of computer database files used for billing, inventory control, scheduling and other tasks necessary to its business operations. In the complaint, Illiana alleges that Hartford breached the insurance contract and its duty of good faith and fair dealing and requests compensatory and punitive damages as well as a declaration that

Hartford is obligated to cover its losses.

Hartford retained Dale Frediani as an expert on insurance matters and disclosed his report to Illiana. Illiana requests an order in limine to exclude portions of Frediani's testimony because it believes that he goes beyond the allowable limits of expert testimony.

Frediani's report sets out the following summary of his opinions:

1. The report of the alleged loss and the claim data, documentation, and information provided by Illiana to the Hartford were unreasonably late in their submissions and lacking in information that was known to Illiana and that should have been provided. As a result, Illiana may have concealed material information, in violation of the terms of the policy.

2. Based on the limited information that was provided to the Hartford by Illiana during the adjustment, the insurer's requests for information and documentation from Illiana to explain the loss and support the claim were reasonable and appropriate. Examinations under oath, as provided for in the policy, are an appropriate way to conduct and document an insurer's investigation under these circumstances. Industry custom and practice is for outside counsel to conduct examinations under oath, not adjusters or insurance company staff counsel.

3. The limited information that was provided during the adjustment raised serious policy coverage questions as to the cause of loss, ownership of the property, potential application of several policy exclusions and limitations, and whether Illiana had satisfied certain conditions precedent to coverage. Thus, Hartford was not in a position to affirm or deny coverage, or "settle" the claim based on the information, or lack of it, provided. Because of the lack of documentation provided by Illiana, it would have been inappropriate for Hartford to request a formal Proof of Loss document.

4. The amounts of loss claimed were overstated and unsupported. A strong case can be made that Illiana committed material misrepresentations in its claim, voiding the policy.

5. The actions of the Hartford in its investigation, evaluation, and adjustment of the claim complied with or exceeded industry standards, especially in light of the information provided by Illiana. Hartford also complied with Indiana's Statutes *unfair Claims Settlement Practices*. In no way did the Hartford act in an irrational, un principled, unfounded or deceitful manner, or did it act with malice, fraud, gross negligence, or oppressiveness.

6. Under the circumstances of the late and limited information provided by Illiana, Hartford made a good faith effort to initiate and proceed with its adjustment of the insureds' losses on a timely basis, and to fairly evaluate them under the terms of the policy. Requests for documentation in support of the claims were reasonable and consistent with industry custom and practice.

7. In all respects the actions and positions taken by the Hartford were consistent with and in substantial compliance with the terms and conditions of its policy, were well within industry custom and practice for good claims handling, especially in light of the claims as presented, and in compliance with the statutes, as I understand them. Hartford's requests for documentation and their reactions to information received from the insured and its experts were reasonable, in good faith, and well within industry custom and practice.

Illiana requests an order prohibiting Frediani from interpreting the policy, or from testifying that Hartford acted in good faith. It also seeks to exclude testimony as to the parties' motives or mental states, any opinion on the propriety of punitive damages, testimony about what may have occurred, and testimony beyond his expertise, such as the amount of the loss, the value of the software, the quality of the software, and Illiana's business practices.

**B.    LEGAL STANDARD**

Federal Rule of Evidence 702 addresses the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The proponent of expert evidence bears the burden of establishing its admissibility.

*Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579, 589-92 (1993). A witness may not offer opinions about legal issues that will determine the outcome of the case, or testify about legal issues on which the judge will instruct the jury. *United States v. Sinclair*, 74 F.3d 753, 758 n. 1(7th Cir. 1996). There must be a link between the facts an expert has worked with and his conclusions. *United States v. Mamah*, 332 F.3d 475, 478 (7th Cir. 2003).

**C.    DISCUSSION**

**(1)    *Interpretation of the Policy***

Opinions on coverage are legal conclusions. Accordingly, expert testimony as to what is or is not covered by the policy will not be permitted at trial. However, this does not mean that Frediani may not refer to policy provisions to support his opinion that Hartford acted reasonably under the circumstances. Testimony as to how losses are valued under the terms of the policy is relevant to evaluating Hartford's conduct, and will be permitted.

**(2)    *Testimony that Hartford Acted in Good Faith***

Testimony that Hartford acted in good faith is a legal conclusion which is not a proper subject for expert testimony and will be excluded.

**(3)    *Testimony as to the Parties' Motives or Mental States or the Propriety of Punitive Damages***

By these objections Illiana seeks to exclude statements from Frediani that Hartford did not act in an irrational, unprincipled, unfounded or deceitful manner, or with malice, fraud, gross negligence or oppressiveness. These are conclusory statements which will not assist the jury.

4

Accordingly, they will be excluded.

**(4)** *Testimony about What May Have Occurred*

Illiana objects to statements in Frediani's report such as "Illiana may have concealed material information, in violation to the terms of the policy" and "a strong case can be made that Illiana committed material misrepresentations in its claim, voiding the policy." Illiana maintains that these words imply intent and Frediani should not be permitted to testify to Illiana's employees' states of mind. Hartford argues that the applicable standard in an insurance bad faith case requires evidence that an insurer acted knowingly, without a rational, principled basis for its decision, so as to evince a conscious wrongdoing, motivated by dishonest purpose. *See Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 519–20 (Ind. 1993). However, while it is true that the jury must find that Hartford acted with a particular intent in order to find for Illiana, it does not follow that Hartford's claims adjustment expert is in any better position than the jury to determine whether Hartford had the requisite intent. Accordingly, no opinion testimony as to the states of mind of the parties will be allowed.

**(5)** *Testimony Beyond His Expertise*

Illiana seeks to exclude the following testimony from Frediani, which it claims is beyond his claimed expertise:

1. The amounts of loss claimed were overstated and unsupported.
2. It is highly doubtful [the software] was worth on an "actual cash value" basis what it cost to develop it.

3. The [software] system was inefficient . . . and was woefully incomplete.

4. The development and implementation of the software and backroom operation were very poorly managed and fraught with poor technical, business, and personnel decisions.

Illiana claims that, since Frediani is not an expert in the fields of asset valuation, computer software design or business management, he should not be allowed to comment on the facts and issue opinions in those areas.

With regard to Frediani's opinion concerning the documentary support for the amount of loss claimed, Hartford responds that in light of his experience adjusting, managing, and evaluating property claims, he is uniquely qualified to opine on whether a policyholder has adequately supported the loss amount it claims. The Court agrees, and accordingly denies Illiana's motion in limine concerning this testimony.

Concerning testimony on the quality and value of the software and Illiana's business practices, Hartford maintains that in formulating his opinions on those matters, Frediani has relied on the evidence of others, including the testimony of Plaintiff's software consultant and written communications from officers and directors of Illiana. The Court lacks the complete context necessary to evaluate the propriety of this testimony. Accordingly, for the present, Illiana's motion in limine is denied without prejudice with respect to opinions numbered two through four above.

**D.     CONCLUSION**

For the reasons set out above, Illiana's motion in limine (DE 93) is GRANTED in part and DENIED in part.  However, these rulings are preliminary and the parties may ask the Court to reconsider them as the evidence develops at trial. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) ("[A] ruling [ in limine ] is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *quoting Luce v. United States*, 469 U.S. 38, 41 (1984)).

SO ORDERED on March 11, 2011.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
