# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| ILLIANA SURGERY AND | ) | |
| MEDICAL CENTER LLC, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:07-CV-3 JVB |
| | ) | |
| | ) | |
| HARTFORD FIRE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' and Defendant's objections to the magistrate judge's report and recommendation (DE 188) to grant in part and deny in part Plaintiffs' motion for sanctions including default judgment (DE 153). The Court held oral argument on Defendant's objections on August 24, 2011.

**A.     Standard of Review**

A district court reviews de novo any portion of a magistrate judge's report and recommendation to which specific written objection has been made. Fed. R. Civ. P. 72(b). The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. *Id.*

**B.	Background**

Plaintiff Illiana Surgery and Medical Center LLC, now known as Heartland Memorial Hospital LLC, is an Indiana limited liability company.  It owned and operated a network of surgery centers, physician practices, and a hospital.  Plaintiff  iHealthcare Inc. is the sole member of Illiana/Heartland.  Illiana and iHealthcare Inc., are both named insureds under Defendant Hardford Fire Insurance Company policy number UUM LN 5364 K3 covering the period from July 1, 2004, through July 1, 2005.  The Court refers to Plaintiffs as Illiana.

This lawsuit arose out of Illiana's claim for coverage following the loss of computer software and data on December 10, 2004.  Illiana alleges that Hartford breached its duty to act in good faith and breached the insurance contract, among other things, by failing to make a coverage decision on its claim.

On March 4, 2011, Illiana moved for sanctions against Hartford, including default judgment, alleging that despite its initial request on December 12, 2006, and the magistrate judge's order of April 4, 2007, as well as subsequent requests and orders, Hartford failed to produce some portions of its claims file until January 6, 2011, long after discovery had closed, and has still not produced or made a claim of privilege as to other parts of the file.  The Court referred the motion to the magistrate judge, who issued his report and recommendation on June 13, 2011.  The magistrate judge made four recommendations for sanctions against Hartford:

(1)	it should be precluded from introducing any evidence not disclosed before January 5, 2011;

(2)	it should not be permitted to introduce evidence that it lacked sufficient information to make a claims determination;

  (3)  it should not be permitted to introduce evidence that Illiana failed to provide information and comply with Hartford's investigation; and

  (4)  attorney fees incurred in connection with the motion for sanctions should be awarded to Illiana.

Illiana filed timely objections on June 22, 2011, and Hartford on June 29, 2011.

Illiana objects that the recommended sanctions are insufficient, arguing that a default judgment is the only sanction that is proportional to both the extent of Hartford's bad faith and the severity of the damage caused by its conduct.  Hartford also objects, claiming that it fully complied with all its discovery obligations, including producing its entire claim file, long before January 6, 2011, that the documents produced on that date were not part of its claim file, and that Illiana was not prejudiced by its conduct.

**C.**  **Discussion**

Illiana's motion for sanctions was precipitated by its receipt, on January 6, 2011, of some 400 pages of new documents which it maintains are part of Hartford's claim file.  Hartford declares that the documents are not part of the claim file, but instead are documents from attorney Kevin Pugliese's file.  Hartford insists that Pugliese is its coverage counsel.  According to Hartford, it provided the documents from his file a week before his deposition (after its motion to quash the subpoena for his deposition was denied on November 18, 2010) "to avoid motion practice."  (Df. Obj., DE 193 at 2).

The law applicable to sanctions for failure to comply with discovery orders is fully set out in the magistrate judge's report and recommendation (DE 188, at 6–10) and will not be

3

repeated here.

The Court adopts the facts set out in the background section of the magistrate judge's Report and Recommendation.  Moreover, the Court expressly finds what was implicit in the Report and Recommendation:  that the documents produced on January 6, 2011, are part of Hartford's claim file.  Among the documents were an email from Hartford's in-house adjuster, Steven Plazzolo, to Mr. Pugliese dated September 10, 2005, disclosing financial documents compiled by a forensic CPA, Harms, whose existence had never been disclosed to Illiana; a voicemail transcription dated March 31, 2005, from Palazzolo, revealing that Michael Nigohosian of Hartford's special investigation unit, would report to Pugliese instead of Palazzolo, in order to create an attorney-client privilege; and numerous emails evidencing cooperation by Illiana attorneys and employees in the investigation of the claim.

It should have been clear to Hartford long before January 6, 2011, that because Mr. Pugliese was, as the Court found in its order of November 18, 2008, acting at least in part as an outside adjuster, the documents in his file relating to the investigation of Illiana's claim were part of Hartford's claim file, which Hartford had first been ordered to produce on April 4, 2007.  In the November 2008 order, this Court found that much of Mr. Pugliese's work for Hartford related to claim adjustment tasks such as requesting information from Illiana, reviewing the information, and determining what other information should be sought in order to make a decision regarding the claim.  As a consequence, Hartford should have understood that documents concerning these tasks were part of the claim file whether they were located in its in-house file or in Mr. Pugliese's file.

These documents should have been produced promptly after the November 2008 ruling

and certainly before discovery closed on July 30, 2010.  Accordingly, the Court does not accept Hartford's argument that, because it eventually produced these documents, albeit five months after discovery had closed, it complied with the April 4, 2007, order to produce its entire claim file.  Furthermore, Illiana was prejudiced because Hartford's late production inhibited its ability to conduct further discover.

The Court finds that the appropriate sanctions are to reopen discovery for Illiana only, for a period of six months, and to award Illiana attorney fees for the cost of researching, presenting and arguing its motion for sanctions.  Following the close of discovery, Illiana may file supplements to its motion for summary judgment and to its responses to Hartford's motions for summary judgment.

**D.    Conclusion**

The Court ADOPTS the report and recommendation (DE 188) insofar as it GRANTS Illiana's motion for sanctions against Hartford (DE 153) but DENIES the sanction of default judgment.  The Court MODIFIES the report and recommendation by imposing the following sanctions:

- Discovery is reopened, for Illiana only, until March 1, 2012, unless Illiana sooner notifies the Court that it has completed any additional discovery it desires;
- Following the close of discovery, Illiana may file supplements to its motion for summary judgment and to its responses to Hartford's motions for summary judgment; and
- Illiana will be awarded attorney fees for the cost of researching, presenting and

arguing its motion for sanctions upon submission of documentation establishing the amount of the fees.

SO ORDERED on September 1, 2011.

                                              s/ Joseph S. Van Bokkelen
                                              Joseph S. Van Bokkelen
                                              United States District Judge