```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION
```

ILLIANA SURGERY AND MEDICAL         )
CENTER LLC nka Heartland            )
Memorial Hospital LLC,              )
iHEALTHCARE, INC.,                  )
                                    )
            Plaintiffs              )
                                    )
       v.                           )   Case No. 2:07 cv 3
                                    )
HARTFORD FIRE INSURANCE             )
COMPANY,                            )
                                    )
            Defendant               )

<u>OPINION AND ORDER</u>

This matter is before the court on the Motion for Leave to Supplement Record on Hartford's Motion to Quash Plaintiffs' Guidance Software Inc. and Fisher Kanaris Subpoenas and Request for Protective Order [DE 223] filed by the plaintiff, Illiana Surgery and Medical Center LLC, on January 18, 2012; the Motion to Compel Hartford to Designate a Witness for Deposition Pursuant to FRCP 30(B)(6) [DE 227] filed by the plaintiff on February 15, 2012; and the Motion for Protective Order [DE 229] filed by the defendant, Hartford Fire Insurance Company, on February 29, 2012. For the reasons set forth below, the Motion for Leave to Supplement Record [DE 223] is **DENIED AS MOOT**; the Motion to Compel [DE 227] is **GRANTED**; and the Motion for Protective Order [DE 229] is **DENIED.**

## Background

On December 9 or 10, 2004, an unknown person accessed and destroyed Illiana Surgery and Medical Center's medical management computer system. Illiana held an insurance policy with Hartford Fire Insurance Company that provided coverage for lost business personal property and electronic vandalism. Illiana tendered a claim to Hartford which retained the law firm of Fisher Kanaris to assist with the adjustment of the claim. Fisher Kanaris launched an investigation into the claim but never issued a coverage determination letter. Illiana filed a complaint on December 7, 2006, alleging breach of the insurance contract and bad faith.

The parties have battled throughout the course of discovery. Illiana requested all documents related to the adjustment of its claim. The court first ordered Hartford to produce its insurance policies, examinations under oath, and claim files at the April 4, 2007 status conference. Hartford produced its insurance policies, two EUOs, and a set of documents presented as its claim file along with a privilege log, which it later supplemented. Illiana filed a motion to compel on April 17, 2008, which resulted in the production of additional documents belonging to the claim file. While preparing to depose Hartford's lead claims adjuster, Steve Palazzolo, Illiana questioned whether the entire

claim file had been produced and sent an additional document request.  Hartford again supplemented the claim file with 797 new documents on July 15, 2009, and 333 documents on July 22, 2009.  Illiana then requested the attachments to several emails that were omitted from the file.  Although Hartford represented that the entire file had been produced, it ultimately produced 53 new documents consisting of 330 pages.  Hartford also produced an additional 441 documents from the claim file days before Kevin Pugliese's deposition.  These documents were not listed in Hartford's privilege log.  The court sanctioned Hartford for failing to comply with its April 4, 2007, June 30, 2008, and November 18, 2008 Orders compelling production of the entire claim file.  Judge Joseph Van Bokkelen re-opened discovery so Illiana could gather the remaining information that it was not able to discover because of Hartford's misconduct.

In response to Judge Van Bokkelen's order, Illiana issued new discovery, including a notice of deposition to Hartford, requesting to depose a representative of Hartford with knowledge of how it maintained its electronic information.  Illiana represents that Hartford has refused to provide a representative and to schedule the deposition, and it now moves to compel the appointment of a representative.  Hartford responded that it never refused to designate a witness.  Rather, Hartford maintains

that the information Illiana seeks to elicit at a deposition is irrelevant and would require it to appoint and prepare multiple representatives. Hartford filed a motion for a protective order, asking the court to exclude any questions concerning Hartford's electronically stored information (ESI) retention policy.

Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1). For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting* *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. *Borom v. Town of Merrillville*, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D.

4

Ind. 2003)). *See also* **Adams v. Target,** 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); **Shapo v. Engle,** 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Federal Rule of Civil Procedure 37(a)(2)-(3). The burden "rests upon the objecting party to show why a particular discovery request is improper." **Gregg v. Local 305 IBEW**, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(*citing* **Kodish v. Oakbrook Terrace Fire Protection Dist.**, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); **McGrath v. Everest National Insurance Co.**, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); **Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services**, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The objecting party must show with specificity that the request is improper. **Cunningham v. Smithkline Beecham**, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(*citing* **Graham v. Casey's General Stores**, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad,

5

unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (*citing* *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted). *See also, Hunt v. DaVita, Inc.*, ___ F.3d ___, 2012 WL 1560396, *4 (7th Cir. 2012)(explaining that the district court has broad discretion in supervising discovery).

Similarly, a party may move for a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule 26(c)(1). The party requesting the protective order carries the burden of demonstrating good cause and can satisfy that burden by showing an adequate reason for the order. 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2035 (3d ed. 1998). *See also Gregg*, 2009 WL 1325103 at *8 ("The burden rests upon the

objecting party to show why a particular discovery request is improper." (*citing* **Kodish**, 235 F.R.D. at 449-50; **McGrath**, 2009 WL 1325405 at *3; **Carlson Restaurants Worldwide**, 2009 WL 692224 at *5). Specific factual demonstrations are required to establish that a particular discovery request is improper and that good cause exists for issuing the order. *See* **Felling v. Knight**, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("To establish good cause a party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'") (*quoting* **Wilson v. Olathe Bank**, 184 F.R.D. 395, 397 (D. Kan. 1999)) (*quoting* **Gulf Oil Co. v. Bernard**, 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)). *See also* **Harrisonville Telephone Co. v. Ill. Commerce Comm'n**, 472 F.Supp.2d 1071, 1078 (S.D. Ill. 2006) (stating that in order to establish good cause, the movant must rely on particular and specific demonstrations of fact, rather than conclusory statements).

Illiana desires to depose a representative of Hartford who can attest to the method in which Hartford maintained its electronic information over the course of Illiana's claim. Hartford complains that Illiana first requested the ESI in October 2011, and because of the untimely request, Hartford cannot recover all documents that relate back to 2004. However, Illiana has been requesting the claim file, in whatever capacity it was maintain-

ed, for the duration of this suit. Hartford has delivered the documents in piecemeal fashion after being prodded repeatedly by the court. Despite its representations that the entire claim file has been produced, Hartford has managed to supplement the claim file on multiple occasions. Hartford's reluctance to comply has rendered Illiana's inquiry concerning the maintenance of the claim file pertinent to both its discovery and bad faith claim.

Hartford's primary complaint is that the information may be obtained by other less burdensome methods, including interrogatories. Rule 26(b)(2)(c) grants the court discretion to limit discovery that may be obtained by more convenient, less burdensome, or less expensive means. In support of its claim that discovery could have been conducted in a less burdensome manner, Hartford relies on **Berning**, 242 F.R.D. at 510. In **Berning,** the *pro se* plaintiff sought to depose the president of her union concerning "many issues" surrounding her termination. The court explained that the union president did not have any personal knowledge concerning the plaintiff because he was not involved in the appeal process of her grievance and that it would be unduly burdensome to subject the union president to a deposition because he supervises more than 600 full-time UAW staff members who handled hundreds of grievances. The court noted that the plain-

tiff failed to attempt to elicit any information from the union president by less burdensome means, including interrogatories. The defendant offered to allow the plaintiff to depose three staff members who had personal knowledge of the plaintiff's grievance, and the court viewed this as a reasonable alternative because the staff members had direct knowledge of the plaintiff's grievance and preparing for the deposition would be less burdensome.

The information Illiana seeks bears on its bad faith claim and may aid in determining whether it has the entire claim file, which has been a contested issue throughout the course of discovery. The maintenance of the ESI clearly is relevant to Illiana's claim. Hartford contends that the information is marginally relevant at best and that interrogatories would satisfy any need Illiana has for the information. However, the court will not dictate the method in which discovery of relevant, pertinent information is conducted. Illiana may be able to elicit more information by conducting a deposition than by serving interrogatories, especially considering Hartford's history of bad faith.

In *Berning*, on which Hartford relies, the defendants offered more knowledgeable employees for the plaintiff to depose and did not oppose the deposition in its entirety. Hartford has not been willing to make any such accommodation here, nor has Hartford

demonstrated why the deposition request is overly burdensome or expensive.  Hartford has done nothing more than make boilerplate allegations that the deposition would cause it to incur additional expense.  The individuals Hartford identified do not appear to be high ranking managers, and Hartford may elect representatives with direct knowledge of the ESI retention policies so that the preparation time and cost would be minimal.  The accommodation Hartford has offered is not reasonable because the amount and type of information that can be gathered through a deposition differs significantly from that which can be gathered through interrogatories.

Hartford also complains that the deposition should be limited to the processes used to retain documents from 2006 forward because the Federal Rules of Civil Procedure did not mandate discovery of ESI prior to 2006.  Hartford also states that it will have problems finding documents created as far back as 2004 because of Illiana's late request.  Hartford misses the point of Illiana's request.  Illiana is seeking general information about the method of locating and pre-serving electronic and non-electronic documents pertaining to its claim, which dates back to 2004.  It is irrelevant that the Federal Rules did not require production of such information before 2006.  Illiana is not asking Hartford to produce any documents or to punish Hart-

ford for failing to retain any documents it was not required to maintain. Illiana simply is attempting to find out the methods that were used to retain and store the information, which may suggest whether it has all the information it has sought throughout the course of discovery or whether additional documents may have existed. The retention of documents also may be pertinent to Illiana's bad faith claim. The relevant time period begins when Illiana first filed its claim in 2004.

Hartford next complains that the parties never agreed to a protocol for retaining ESI when the suit first commenced, that it would not be able to locate all the documents from 2004, and that Illiana has not provided any ESI. It is not clear why these complaints are relevant to producing a representative to testify about the retention policies of Hartford's ESI. Illiana has not asked Hartford to produce any additional documents from 2004, nor has Hartford complained that Illiana has refused to produce such information, although this would have no bearing on Hartford's obligation to produce its own. Because the information is related to Illiana's claim and Hartford has not shown that producing it would be overly burdensome or could be obtained through less burdensome methods, Hartford is **ORDERED** to designate a witness to testify about its ESI retention policies from 2004 forward within 14 days.

_____

Based on the foregoing, the Motion for Leave to Supplement Record on Hartford's Motion to Quash Plaintiffs' Guidance Software Inc. and Fisher Kanaris Subpoenas and Request for Protective Order [DE 223] filed by the plaintiff on January 18, 2012, is **DENIED AS MOOT;** the Motion to Compel Hartford to Designate a Witness for Deposition Pursuant to FRCP 30(B)(6) [DE 227] filed by the plaintiff on February 15, 2012, is **GRANTED;** and the Motion for Protective Order [DE 229] filed by the defendant on February 29, 2012, is **DENIED.**

ENTERED this 5th day of June, 2012

s/ ANDREW P. RODOVICH
United States Magistrate Judge