# United States District Court
## Northern District of Indiana
## Hammond Division

| | | |
|---|---|---|
| ILLIANA SURGERY AND | ) | |
| MEDICAL CENTER LLC, n/k/a | ) | |
| HEARTLAND MEMORIAL HOSPITAL LLC; | ) | |
| and IHEALTHCARE INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:07-CV-3 JVB |
| | ) | |
| HARTFORD FIRE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Hartford Fire Insurance Company's

objections to Magistrate Judge Andrew Rodovich's order of June 5, 2012 (DE 250).  In that

order Judge Rodovich granted the motion of Plaintiffs Illiana Surgery and Medical Center and

iHealthcare ("Illiana") to compel Hartford to designate a witness for deposition pursuant to

Federal Rule of Civil Procedure 30(b)(6) (DE 227) and denied Hartford's motion for a protective

order (DE 229). Hartford has also moved for a hearing on its objections (DE 251).

### A.      Background

On December 9 or 10, 2004, someone accessed and destroyed Illiana's medical

management computer system.  Hartford was Illiana's insurer under a policy that covered lost

business personal property and electronic vandalism.  Illiana filed a claim with Hartford.

Hartford investigated the claim, but has not issued a coverage determination letter.  Illiana sued

Hartford on December 7, 2006, alleging breach of the insurance contract and breach of its duty

of good faith and fair dealing.

Throughout the course of this litigation, Illiana has been attempting to secure all

documents related to Hartford's adjustment of its claim. Hartford has complied with this request

in piecemeal fashion. Hartford's belated production of some 400 pages of claims documents a

week before the deposition of Kevin Pugliese, an attorney with the law firm of Fisher Kanaris

who assisted Hartford in the investigation of the claim, resulted in this Court's order of

September 2, 2011, reopening discovery for Illiana alone until March 1, 2012.

On October 4, 2011, Illiana sent Hartford a deposition notice pursuant to Federal Rule of

Procedure 30(b)(6). The notice required Hartford to designate a representative to testify as to its

method of storing its electronic documents and its efforts to locate documents related to the

lawsuit for the period from December 10, 2004, to the present. In February 2012, when

Hartford had not designated a witness for the deposition or agree to a date, Illiana sent a new

Rule 30(b)(6) notice identical to the first except that it set the date for the deposition as February

22, 2012. On February 14, 2012, Hartford notified Illiana that it was still working on dates, but

would not produce a witness on February 22. Illiana then filed its motion to compel Hartford to

designate a witness. Hartford opposed the motion to compel and filed its own motion for a

protective order. After Magistrate Judge Rodovich granted the former and denied the latter,

Hartford filed timely objections.


**B.      Standard of Review**

In considering objections to a magistrate judge's order on a nondispositive matter, a

district court may modify or set it aside only if it is "clearly erroneous or is contrary to law."

Fed. R. Civ. P. 72(a). Under the clear error standard a district court can overturn a magistrate

judge's ruling only if the district court is left with the definite and firm conviction that a mistake

has been made. *Weeks v. Samsung Heavy Indus. Co., Ltd.* 126 F.3d 926, 943 (7th Cir. 1997).

Under the contrary to law standard, the district court undertakes a plenary review of purely legal

determinations, setting them aside only if the magistrate judge applied an incorrect legal

standard, or if it misapplied the relevant statutes, case law, or rules of procedure, *Barton v.

Zimmer Inc.*, 2008 WL 2484604, *1 (N.D. Ind., June 19, 2008).


C.      **Discussion**

Hartford's first objection is directed to the statement in Magistrate Judge Rodovich's

opinion that "[t]he retention of documents also may be pertinent to Illiana's bad faith claim."

(DE 249 at 11.) Hartford argues that litigation conduct is irrelevant to Illiana's bad faith claim.

Even assuming that Hartford is correct that its litigation conduct is not relevant to the bad faith

claim, it ignores the fact that Illiana seeks discovery of Hartford's retention policies beginning

two years before Illiana sued Hartford.  The Court finds no error in Judge Rodovich's statement.

Hartford next objects to Magistrate Judge Rodovich's statement that "it is irrelevant that

the Federal Rules did not require production of such information before 2006."  (DE 249 at 10.)

Hartford maintains that because it wasn't required to produce electronically stored information

before December 2006, it is improper to allow Illiana to conduct discovery regarding its policies

for retaining electronically stored information before December 2006. However, the premise on

which Hartford's argument is based is false.  The Advisory Committee Notes to the 2006

3

amendments to Rule 34 state that even before the 2006 amendments "[l]awyers and judges interpreted the term 'documents' to include electronically stored information because it was obviously improper to allow a party to evade discovery obligations on the basis that the label had not kept pace with changes in information technology."  Accordingly, the Court finds no reason to limit Illiana's inquiry as to Hartford's document retention policies to December 2006 and after.

Hartford's final objection is that Magistrate Judge Rodovich erred by not accepting its proposal that Illiana undertake its discovery by means of interrogatories or a deposition upon written questions instead of conducting a conventional deposition.  The Court finds no clear error in the determination that Illiana's chosen method of discovery is not unduly burdensome.

**D.    Conclusion**

For the foregoing reasons, Hartford's objections to Magistrate Judge Rodovich's order of June 5, 2012 (DE 250), are overruled. Hartford's motion for a hearing on its objections is denied (DE 251).

SO ORDERED on September 18, 2012.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
