United States District Court
Northern District of Indiana
Hammond Division

| | | |
|---|---|---|
| ILLIANA SURGERY AND MEDICAL CENTER LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 2:07-CV-3 JVB |
| HARTFORD FIRE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' objections to Magistrate Judge Andrew Rodovich's order of May 16, 2013 (DE 271).  In that order (DE 270), Judge Rodovich granted the second motion for sanctions filed by Plaintiffs Illiana Surgery and Medical Center and iHealthcare ("Illiana") (DE 264) but imposed sanctions significantly less severe than the relief Illiana sought.  For the reasons set out below, the Court OVERRULES Illiana's objections.

**A.     Standard of Review**

In considering objections to a magistrate judge's order on a nondispositive matter, a district court may modify or set it aside only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clear error standard a district court can overturn a magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.  *Weeks v. Samsung Heavy Indus. Co., Ltd.* 126 F.3d 926, 943 (7th Cir. 1997). Under the contrary to law standard, the district court undertakes a plenary review of purely legal

determinations, setting them aside only if the magistrate judge applied an incorrect legal standard, or if it misapplied the relevant statutes, case law, or rules of procedure, *Barton v. Zimmer Inc.*, 2008 WL 2484604, *1 (N.D. Ind. June 19, 2008).

**B.    Background**

On December 9 or 10, 2004, someone accessed and destroyed Illiana's medical management computer system.  Hartford was Illiana's insurer under a policy that covered lost business personal property and electronic vandalism.  Illiana filed a claim with Hartford.  Hartford investigated the claim, but has not issued a coverage determination letter.  Illiana sued Hartford on December 7, 2006, alleging breach of the insurance contract and breach of its duty of good faith and fair dealing.

Throughout the course of this litigation, Illiana has been attempting to secure all documents related to Hartford's adjustment of its claim.  Hartford has complied with this request in piecemeal fashion.  Hartford's belated production of claims documents resulted in this Court's order of September 2, 2011, reopening discovery for Illiana alone and sanctioning Hartford by requiring it to pay Illiana's attorney fees.[1]

Illiana's current motion for sanctions was prompted by Hartford's production of additional claims documents during the re-opened discovery period after it had repeatedly represented that it had produced all such documents.  In addition, it produced a Rule 30(b)(6) witness who was not prepared to address all the topics listed in the deposition notice.  Acknowledging that the additional documents should have been provided sooner, Hartford

---

[1] The history of the parties' discovery disputes is set out in detail in Magistrate Judge Rodovich's opinion and order (DE 270) and will not be repeated here.

offered to make witnesses under its control available in Indianapolis at its expense and to use its best efforts to arrange any depositions of witnesses no longer under its control on an expedited basis.  Rather than accepting this offer, Illiana requested that the Court sanction Hartford by entering a default judgment against it.  Magistrate Judge Rodovich agreed that Hartford should be sanctioned but refused the draconian remedy of default judgment.  Instead, he ordered Hartford to pay all costs associated with Illiana's motion and any additional costs and fees associated with discovery related to Hartford's late production of documents and failure to present a prepared deponent.

**C.     Discussion**

The Court is unable to conclude that Magistrate Judge Rodovich's resolution of Illiana's motion for sanctions is clearly erroneous or contrary to law.  There was no abuse of discretion in his failure to award Illiana a default judgment. The Court of Appeals for the Seventh Circuit requires a finding of willfulness, bad faith, or fault before the sanction of a default judgment is imposed. *In re Thomas Consol. Indus. Inc.*, 456 F.3d 719, 724 (7th Cir. 2006).  Even if the court makes such a finding, the sanction chosen must be proportionate to the circumstances. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2008).  Entry of a default judgment "is a weapon of last resort, appropriate only when a party willfully disregards pending litigation." *Sun v. Bd. of Trs. of Univ. of Il.*, 473 F.3d 799, 811 (7th Cir. 2007).

Hartford's belated production of claims documents and an inadequately prepared witness are not so egregious as to warrant the entry of a default judgment against it.  The lesser penalty Judge Rodovich imposed is proportionate to Hartford's conduct, which was not demonstrably

3

willful or in bad faith.

**D.**     **Conclusion**

For the foregoing reasons, Illiana's objections to Magistrate Judge Rodovich's opinion and order of May 16, 2013, (DE 271) are OVERRULED.

SO ORDERED on November 25, 2013.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge
