UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ILLIANA SURGERY AND MEDICAL          )
CENTER LLC n/k/a Heartland           )
Memorial Hospital LLC,               )
                                     )
        Plaintiff,                   )
                                     )
v.                                   ) Case No. 2:07 cv 3
                                     )
HARTFORD FIRE INSURANCE              )
COMPANY,                             )
                                     )
        Defendant.                   )

OPINION AND ORDER

This matter is before the court on the Motion to Compel Production of Documents [DE 277] filed by the plaintiff, Illiana Surgery and Medical Center, LLC, on October 28, 2013; the Motion for Protective Order [DE 280] filed by the defendant, Hartford Fire Insurance Co., on November 12, 2013; the Motion for Attorney Fees [DE 286] filed by Illiana on December 9, 2013; the Motion to Request Oral Argument on Hartford's Motion for Protective Order [DE 288] filed by Hartford on December 13, 2013; the Motion to Amend/Correct the Motion for Attorneys Fees [DE 292] filed by Illiana on January 2, 2014; and the Motion for Leave to File Sur-Reply [DE 296] filed by Hartford on January 16, 2014.

For the following reasons, the Motion to Compel Production of Documents [DE 277] is **GRANTED**; the Motion for Protective Order [DE 280] is **DENIED**; the Motion for Attorney Fees [DE 286] is **GRANTED IN PART** and **DENIED IN PART**; the Motion to Request Oral Argument on Hartford's Motion for Protective Order [DE 288] is **DENIED**; the Motion to Amend/Correct the Motion for Attorneys Fees [DE 292] is **GRANTED**; and the Motion for

1

Leave to File Sur-Reply [DE 296] is **GRANTED.**

*Background*

This matter arises from an insurance claim the plaintiff, Illiana, filed with its insurer, Hartford, for property loss and damages arising out of the destruction of the hospital's database. Discovery has been tumultuous and resulted in the parties filing many motions. The court's May 16, 2013, Opinion and Order explains the ongoing discovery dispute in detail. To briefly recap, the court first directed Hartford to produce its claim file on April 4, 2007. Hartford did not comply, and on June 30, 2008, the court granted Illiana's first motion to compel, directing Hartford to produce the complete claim file.

Illiana later noticed that certain pages were missing despite Hartford's assurance that all the claim file documents had been produced. Hartford subsequently produced more documents. At the January 2011 deposition of Kevin Pugliese, Hartford's counsel produced hundreds of additional documents. This belated production caused Illiana to file its first motion for sanctions. The court granted Illiana's motion for sanctions and re-opened discovery for Illiana only.

On October 4, 2011, Illiana issued a second request for documents, seeking any and all e-mails related to Illiana's claim. Hartford responded by filing a motion to quash. Hartford subsequently withdrew its motion, but it did not produce any additional documents, insteading representing that "[t]o the extent the emails were printed . . . they have been produced." (DE 264-11). Illiana moved to compel the deposition of a Hartford representative to testify about the efforts Hartford had taken to respond to discovery. On June 5, 2012, this court granted Illiana's motion to compel the deposition of a Hartford representative and denied Hartford's request for a

protective order. Following the court's order, Hartford produced even more documents, including 849 pages at the Rule 30(b)(6) deposition that had not been produced previously because of an "inadvertent mistake".

At the deposition, Hartford's designee, John Moynihan, could not describe the mistake, what processes caused the documents to be found, how the documents previously were missed by Hartford, or any other details related to how Hartford had complied with its discovery obligations in this case. Moynihan did explain that Hartford has utilized an e-mail backup system for years to preserve all of its e-mails. However, he was not prepared to testify whether any searches had been performed to find Hartford's e-mails related to this claim.

Because of the belated production of documents turned over at the deposition and Moynihan's lack of preparedness and inability to explain Hartford's discovery efforts, Illiana filed a second motion for sanctions. On May 16, 2013, this court granted Illiana's motion and ordered Hartford "to pay all costs associated with Illiana's motion as well as any additional costs and fees associated with discovery related to Hartford's late production of documents and failure to present a prepared deponent." The District Court affirmed this ruling. Illiana submitted its fee petition on December 9, 2013. Hartford objects to many of the entries.

On July 10, 2013, Illiana served its third request for production on Hartford. Hartford responded that the requests were "improper at this stage of litigation," that the e-mails exist on backup tapes, but that they were not reasonably accessible because of undue burden or cost. The parties could not agree on who should bear the cost of searching and producing the e-mails related to the adjustment of this claim.

The parties now dispute the reasonableness of the attorney fee petition submitted by

Illiana following the court's May 16, 2013 Opinion and Order granting sanctions, and also dispute who should bear the cost of searching and producing the e-mails Illiana requests.

*Discussion*

Illiana filed a motion to amend its Motion for Attorney's Fees, informing the court that the Exhibit it attached improperly labeled some of the hours it spent working on its response to Hartford's Motion to Quash as discovery efforts. However, the total hours reported remained the same and only the allocation of the fees between categories changed. Hartford does not oppose this motion. The court **GRANTS** Illiana's Motion to Amend/Correct the Motion for Attorneys Fees.

Hartford also requested leave to file a Sur-reply to Illiana's fee petition, arguing that Illiana should not have been permitted to file a reply brief and that Illiana raised new arguments in its reply that Hartford has not had the opportunity to address. Illiana did not file a response in opposition to Hartford's motion. For this reason, the court will **GRANT** Hartford's Motion for Leave to File Its Sur-Reply.

Turning to Hartford's objections to Illiana's fee petition, the recoverable fees are limited to the reasonable fees that an attorney would charge a client. ***Bowerman v. Wal-Mart Stores, Inc.***, 2000 U.S. Dist. LEXIS 21616, at * 3 (S.D. Ind. Nov. 30, 2000). The court will consider whether the costs reportedly incurred in making the motion were reasonably necessary by evaluating the reasonableness of the time spent preparing the motion and the rates charged. ***Equal Employment Opportunity Commission v. Accurate Mechanical Contractors, Inc***., 863 F.Supp. 828, 834 (E.D. Wis. 1994).

"The attorney's standard hourly rate is the best measure of the attorney's reasonable

hourly rate." ***Accurate***, 863 F.Supp. at 834 (*citing **Gusman v. Unisys Corp***., 986 F.2d 1146,

1150 (7th Cir. 1993)).  This is because the rate clients are willing to pay the attorney account for

his individual skill and ability.  ***Gusman***, 986 F.2d at 1150.  In rendering this judgment, the court

generally will take the attorney's experience and qualifications into consideration.  ***Accurate***,

863 F.Supp. at 834.

The court also must determine whether the time allotted to the given task is reasonable

under the circumstances.  ***Accurate***, 863 F.Supp. at 834.  The court will consider the length of

the motion or memorandum, the complexity of the case, and the citation to authority contained in

the document refers to when assessing the reasonableness of the time allotted.  ***Maxwell v. South***

***Bend Work Release***, 2010 U.S. Dist. LEXIS 114462, at *13-14 (N.D. Ind. Oct. 25, 2010);

***Arrington v. La Rabida Children's Hosp.***, 2007 U.S. Dist. LEXIS 31127, 2007 WL 1238998, at

*3 (N.D. Ill. Apr. 25, 2007) (reducing requested time when the brief in support of motion did not

cite any case law); ***Mattenson v. Baxter Healthcare Corp***., 2003 U.S. Dist. LEXIS 17983, 2003

WL 22317677, at *1 (N.D. Ill. Oct. 9, 2003) (finding that two hours was a reasonable length of

time to complete a three page motion).  Duplicate and excessive time cannot be recovered, and

the court will scrutinize a fee petition for such carefully.  ***Bowerman***, 2000 U.S. Dist. LEXIS

21616 at *3.  To enable the court to complete this task, "[t]he billing records must be sufficiently

clear to enable the district court to identify what hours, if any, are excludable because they are

excessive, redundant, or otherwise unnecessary." ***Shoney's, Inc. v. Schoenbaum***, 894 F.2d 93,

97 (4th Cir. 1990).

The parties first dispute whether Illiana is entitled to fees only for the motion to compel

and future costs associated with Hartford's delay, or whether the order applies retroactively to all

the costs Illiana incurred when attempting to gather the discovery information. The court's order granting attorneys' fees states that "the court ORDERS Hartford to pay all costs associated with Illiana's motion as well as any additional costs and fees associated with discovery related to Hartford's late production of documents and failure to present a prepared deponent." The dispute arises over the word "additional". Hartford argues that the term refers only to costs going forward. However, additional means extra or supplementary. The court ordered Hartford to pay all costs associated with the motion and the extra costs– those in addition to the costs associated with the motion– that arose because of Hartford's failure to comply with Illiana's discovery requests.

Illiana seeks fees not only for its second motion for sanctions, but also for discovery, its response to Illiana's motion to quash and motion to correct errors, its motion to compel the Rule 30(b)(6) deposition, and the hours it spent preparing and taking the Rule 30(b)(6) deposition. The court's order specifically included the costs associated with the Rule 30(b)(6) deposition, therefore these fees will be included although the court will consider the reasonableness of the amount of time billed later.

 Hartford argues that the time Iliana's counsel spent preparing its response to Hartford's motion to quash is not recoverable. In the Opinion and Order awarding sanctions, the court noted that Illiana was moving for sanctions because Hartford produced more documents at the Rule 30(b)(6) deposition despite its repeated representations that all documents had been produced, Moynihan was not prepared for the deposition, and Moynihan indicated that additional documents existed that had not been produced. The court's Opinion and Order did not mention or discuss Illiana's response to Hartford's motion to quash, nor did Illiana's expenses related to

this motion arise out of Hartford's additional document production or failure to produce a prepared deponent. Rather, the dispute raised in the motion to quash was whether Hartford was required to produce any deponent— not whether Hartford failed to produce a prepared deponent. Although this argument is related to discovery, the Opinion and Order granting sanctions was not intended to encompass fees from the parties' previous motions for which Illiana did not seek sanctions in its motion. If Illiana thought it was entitled to recover attorneys' fees for preparing its response to the motion to quash, it should have shown why the motion was frivolous. Illiana states that the time spent preparing its response to Hartford's motion to quash totaled $25,780.50. Therefore, the court will reduce the award by this amount. For this same reason, the court will reduce the award by the amount Illiana spent preparing its response to Hartford's Motion to Correct Errors.

The parties also dispute whether Illiana can recover attorneys' fees for preparing its motion to compel the Rule 30(b)(6) deposition. In its Motion to Compel, Illiana sought to depose a representative of Hartford who could attest to the method in which Hartford maintained its electronic information over the course of Illiana's claim. Hartford opposed the request as untimely, overly burdensome, and irrelevant. The court rejected this argument and ordered Hartford to produce a knowledgeable witness for a deposition.

Again, the court's Opinion and Order granting sanctions did not mention Illiana's motion to compel. This expense did not arise out of Hartford's failure to provide a *prepared* deponent. Rather, it concerned whether a deponent needed to be provided at all and what the scope of the deposition should be. It was only after this motion that Hartford produced a deponent who lacked the knowledge to respond to Hartford's questions— the act that gave rise to the court's

award for sanctions.  For this reason, Illiana is not entitled to fees associated with its motion to compel.  Illiana represented that this motion accounted for $14,851.00 of the fees it seeks. Therefore, the court will reduce the reward by this amount.

Hartford also contests that Illiana should not be able to recover discovery costs. However, the court specifically stated that Illiana could recover costs "associated with discovery related to Hartford's late production of documents."  Therefore, Illiana's repeated attempts to recover the documents fall squarely within the court's order.  The court will address the reasonableness of these costs later.

The parties next disagree about whether the amount of time Illiana spent preparing for the Rule 30(b)(6) deposition was reasonable.  In total, Illiana's attorneys billed 66.2 hours preparing for and taking the depositions.  Hartford contends that anything in excess of 40 hours of preparation time for this deposition is excessive and would not normally be billed to a client. However, Hartford rescheduled the deposition on more than one occasion, causing Illiana's attorneys to repeat some preparation.  Illiana also had to issue several notices of depositions. Because the duplicity was caused by Hartford, the court will allow Illiana to recover attorneys' fees for this time.

Hartford next argues that Illiana's attorneys used their time ineffectively, billed for duplicate entries, and included vague entries.  Hartford first refers the court to Snemis' entries. However, it has not identified any entries specifically that have not already been stricken. Snemis reported that he initially drafted the Motion to Correct Errors and forwarded the motion to an associate to review.  Hartford also refers the court to multiple entries for reviewing the court's order on the Motion to Quash and reading Hartford's Motion to Quash.  Hartford also

cited to entries related to the Motion to Correct Errors to show that Snemis included vague entries. The court already has determined that Illiana is not entitled to recover attorneys' fees related to the Motion to Correct Errors or the Motion to Quash and need not address this argument.

Hartford next complains that Illiana's counsel billed excessive time for drafting the Fisher Kanaris subpoena, document requests, Rule 30(b)(6) deposition subpoena, reviewing the order on the motion for sanctions, and preparing the second motion for sanctions. Specifically, Illiana's counsel billed 12.1 hours for discovery although the subpoena only contained a four page rider and there were seven requests in the document productions. Illiana's counsel also billed 5.4 hours to review the courts order— almost an hour per page— and thirty-six minutes for a five sentence e-mail. Illiana's counsel billed 62.3 hours for the second motion for sanctions, including 25.7 hours researching and 28.9 hours drafting the brief, which Hartford represents contained only four pages of analysis and primarily was copied and pasted from the previous motion for sanctions. Hartford also attacks the amount of time Illiana's attorneys spent preparing the reply to the motion for sanctions. Illiana spent 48.5 hours, including 6.6 hours reviewing documents, 18.1 hours researching, and 11.2 hours drafting, but only cited to six new cases. Hartford requests that the research time be reduced to 5 hours.

Turning first to Hartford's complaint that Illiana billed excessive hours for preparing the subpoena to Fisher Kanaris, document requests, and Rule 30(b)(6) deposition subpoena, Illiana responded that the deposition notice and Fisher Kanaris subpoena were lengthy. The document requests included a number of topics, requested many documents, and contained detailed information. Together, it took him 12.1 hours to complete these tasks.

9

The only detail Illiana points to is that it named fifteen of Hartford's custodians. Other requests asked for specific documents, such as the annotation of various records prepared between October 30-November 1, 2005 by Hahn, or the claim chronology prepared by Kevin Pugliese. However, among these specific requests also were boilerplate requests seeking "all invoices" and "all transcripts of voicemail messages." In any case, Illiana served only seven additional requests. However, this only accounted for part of the 12.1 hours. Illiana also drafted a lengthy Rule 30(b)(6) deposition notice and a six page subpoena to obtain records from Fisher Kanaris that contained thirteen requests. The court does not find that 12.1 hours to perform all of these tasks was excessive. Illiana had to consider what documents they needed and make specific requests. In light of Hartford's repeated failures to comply, this may have required some additional time to wade through what had been produced and what remained missing. In addition, given Hartford's conduct to date, it is likely that Illiana had to expend extra time to craft the requests so that Hartford could not search out other loop holes to avoid providing the documents the court repeatedly has instructed it to provide.

Similarly, Hartford complains that Illiana overcharged because it billed 5.4 hours for reviewing a sanction order, amounting to approximately one hour per page. Hartford points to two time entries— September 2, 2011 and September 6, 2011. On September 2, 2011, Thomas' time log states that he reviewed the order on the motion for sanctions and developed a plan for supplemental discovery. On September 6, 2011, his entry does not state that he reviewed the order for sanctions. Rather, it reflects that he billed 2.3 hours for developing a discovery plan for the re-opened discovery period granted in the court's order, conferred with Snemis, and directed Jeffers regarding the fee petition. The court agrees that 5.4 hours would have been excessive for

reviewing the court's order. However, Thomas conducted many other activities during this time that were encompassed by the fee award. As a result of Hartford's continued reluctance to cooperate, after the court re-opened discovery Illiana had to determine what additional discovery it sought and the best way to accomplish that. The 5.4 hours Thomas billed to both review the order and determine how to proceed appear reasonable in light of the problems to date.

Hartford also complains that Illiana should not recover for the .4 hours billed on May 1, 2012 for reviewing the court order and filings. The only orders entered near that time were orders granting applications to appear pro hac vice and a notice of attorney name change. Illiana has not disputed Hartford's claim and has not clarified why it was necessary to spend so much time completing these tasks or how these tasks were within the scope of the order on the motion for sanctions. The court will reduce the fee award by .4 hours.

Hartford also challenges the .6 hours Illiana's attorneys spent conferring about the Rule 26(f) conference. Hartford complains that it was unreasonable for Thomas to charge .6 hours to prepare e-mails that totaled five sentences. The entries reflect that Thomas also conferred with Snemis during this time. This small charge does not appear to be excessive.[1]

Hartford also complains about the amount of time Illiana billed to prepare its second motion for sanctions. Illiana stated that its attorneys spent 127.1 hours preparing its second motion for sanctions and reply brief. Hartford specifically attacks the 62.3 hours billed preparing the brief, arguing that Thomas could not have spent 25.7 hours researching the motion

---

[1] Consistent with Hartford's approach to discovery in this case, it has spent more time and resources challenging two entries totaling 1 hour than the amount requested by the plaintiff for those entries. The court trusts that Hartford's attorneys will notify their client how much they incurred in attorneys fees on these two entries.

and 28.9 hours drafting the 35 page brief because the brief largely was copied and pasted from the first motion for sanctions. Hartford further urges that the 48.5 hours spent preparing the 17 page reply brief was excessive, pointing specifically to the 18.1 hours spent researching the reply that contained only six new cases. Illiana responded that the time billed encompassed reviewing all documents Hartford belatedly produced in November 2012, research on Hartford's failure to present a knowledgeable witness, research related to the factual details that supported the imposition of sanctions, and selecting 18 exhibits, one of which was the entire transcript of Moynihan's deposition. Hartford also produced 176 pages of additional documents with its response that Illiana had to review and determine their implication before filing their 17 page reply brief, so that it could determine the significance of the new documents. Illiana further explains that its second motion for sanctions was thirteen pages longer than its first, negating Hartford's argument that its motion simply was copied and pasted from its previous motion, and points out that the legal analysis section included four pages of legal authority regarding Hartford's failure to produce a knowledgeable witness.

Both Illiana's motion and reply brief were lengthy and exceeded the page limits set by the local rules. Illiana raised issues that were not presented in its previous motion for sanctions, which warranted some extra research. And, Hartford's repeated reluctance to produce discovery spurred some additional time preparing the reply brief because Illiana had to assess how the 176 additional pages of discovery produced with Hartford's response impacted its motion. Regardless, the court agrees that the amount of time spent researching appears excessive in light of the number of new cases cited and will reduce the research fees for the initial brief by half (13 hours) and the time researching the reply to 9 hours. Although the remaining time billed

preparing the second motion for sanctions is substantial, given the amount of discovery, history of this case, and the details in the lengthy briefs Illiana submitted, along with the numerous exhibits it had to prepare to file with its motion, the court does not find that the time was excessive. Sifting through the additional discovery and reading the deposition transcript it submitted as an exhibit alone would have taken a significant amount of time.

Hartford also attacks some entries as vague, duplicative, and clerical, many of which it objected to in its Exhibit A, but did not discuss in detail in its brief. The court has attached the chart Illiana submitted with a brief explanation of its reason for awarding or denying fees for each entry associated with discovery, the Rule 30(b)(6) deposition, or the second sanctions motion.

Of the objections raised in Exhibit A that have not yet been addressed, Hartford selected several to discuss with more detail in its response brief. However, the majority of its detailed objections stem from motions that the court has explained are not recoverable. Of relevance, Hartford complained that Snemis reviewed e-mail exchanges between Heiss and Thomas on January 26, 2012, but never did anything after reviewing the e-mails. Likewise, he did not do anything after participating in a conference call and reading Thomas' e-mail on January 23, 2012. Hartford provided no further argument. It is not apparent what the basis of Hartford's argument is. Snemis likely performed the tasks to stay abreast with the progression of the case. Although these activities did not spur any further action, that does not mean that he should not have monitored the progress of the case so that, if necessary, he could take or delegate further action.

Although Hartford's exhibit labeled other entries Snemis made as duplicative or

excessive, it did not explain why many of these activities should not be recoverable. For example, on September 30, 2011, Snemis worked on the Rule 30(b)(6) deposition notice and document requests. Although Hartford stated that this was duplicative and excessive, Hartford provided no explanation for its position. Thomas performed the majority of the work on these documents, but it is customary for the senior attorney to review, and Snemis spent a reasonable amount of time on this task (.4 hours). Absent some explanation, the court cannot discern why multiple entries Snemis made are duplicative or excessive. Rather, many entries appear to be tasks necessary to build its case. When more than one attorney has entered an appearance for a party, it is common for both attorneys to work on the motions submitted. This does not necessarily mean their work is duplicative. For this reason, the court will award fees for all of Snemis' entries that were within the scope and which Hartford has not shown the basis for its argument that the fees are excessive.

Hartford similarly complains about Snemis' vague entries. Hartford complains generally that entries such as "worked on objections" should be stricken. Although it did not specifically mention the December 5, 2012 entry in its motion, the court assumes Hartford's argument encompasses entries such as this, which state that he "worked on Second Motion for Sanctions". However, the time Snemis spent on the motion on this date was short and followed Thomas' many hours preparing, researching, and revising the motion. It only is logical that Snemis reviewed the work Thomas prepared. This is particularly apparent because in the next time entry, the attorneys conferred regarding changes to the motion. The court does not find this entry, or others such as this, to be vague. The entries reflect the motion Snemis worked on, and the court sees no reason to require further detail of precisely what Snemis did with the motion,

particularly when the entry is read in context with the surrounding entries.

Hartford also complains that many of Thomas' tasks were duplicative. It begins by criticizing Thomas for spending 43.1 hours on the second motion for sanctions, which Snemis also spent 19.2 hours on. Similarly Snemis spent 12.6 hours on the reply brief, which totaled 17 pages. Hartford asks for Thomas' preparation and drafting to be stricken in its entirety. The court does not find that this time necessarily was duplicative. It is common for a junior attorney to draft and prepare motions for the senior attorney to review. Given the amount of discovery, Hartford's continued reluctance to comply, and the continual, late production of documents, it is not surprising that both attorneys had to spend a significant amount of time combing through the documents and deciding how to react to Hartford's behavior. Snemis spent significantly less time than Thomas, so it does not appear that Illiana was allocating time inappropriately. Hartford does not raise any other specific objections.

Hartford next complains that clerical tasks should be stricken, including such tasks as calling the court, reviewing a transcript of proceedings, revising motions, filing the motion, preparing and revising the deposition notice, summarizing the deposition, researching case law, gathering evidence to attach to the motion, and revising the brief. Hartford complains that some of these entries contain both clerical and non-clerical activities, but that Illiana should not be allowed to recoup the entire amount because it used block billing. Most of the tasks Hartford identified are not clerical tasks. The attorneys reviewed the transcript of the proceedings to help prepare their motion. Attorneys, not staff, would research, revise motions, determine what evidence is necessary to support their motion, and prepare their deposition notice. Although Hartford argues that summarizing deposition testimony would be clerical, this is not necessarily

true if the attorneys were searching for specific things within the deposition to support their position. The court disagrees that any of these tasks were clerical and will allow Illiana to recover fees for these activities.

Next, Hartford challenges Illiana's fee petition for including block billing. *See e.g.*, ***Kinney v. Fed. Security, Inc***., 2002 WL 31017644, *6 (N.D. Ill., 2002)(reducing block billed time in half since it was unable to determine what portion of time was devoted to impermissible tasks). Although some of Illiana's activities included multiple activities, the court sees no reason to strike the billing records simply for this reason. With the exception of the May 11, 2012 and January 18, 2012 entries, all of the remaining entries appear to include only tasks that both fall within the scope of the court's order and are subject to the fee award. The May 11, 2012 entry includes, among other tasks, work on the Motion to Correct Errors, which the court has determined is not subject to the fee petition. Because the court cannot discern how much time was spent on this activity, the court will strike the fee entry for that date. Similarly, the January 18, 2012, included work on the Motion to Quash, which is outside the scope of the court's order. The court also will reduce the fee award by the total amount billed in that entry.

Hartford also argues that some of Thomas' billing entries were for unnecessary activities, referring specifically to the time Thomas billed for conversations with Burke. Hartford complains that Burke has not contributed substantively to the lawsuit, did not file his appearance until four years into the lawsuit, and did not include even a single billing entry in the fee petition. Hartford complains about the excessiveness and duplicity of the attorneys' fees charged, yet argues that Burke did not charge any fees. Thomas could have consulted with Burke even though he has not prepared any documents in this matter, so the court will not strike this time

16

solely on the basis that Burke entered the case late and did not include any entries in the fee petition. Rather, it is common for associates to consult with senior attorneys on how to proceed, as appears to be the situation here.

Hartford also complains that it should not be responsible for the time billed by litigation and IT specialist Louis Sparano. Hartford complains that Sparano's entries related to meeting with Thomas to prepare for the deposition and to discuss the preservation and spoliation issues and that they are duplicative of Thomas'. Hartford further contends that it cannot decipher what was meant by "preparation" because Sparano did not attend the deposition. The court disagrees. At the deposition, Illiana intended to seek information related to Hartford's efforts to search its electronic records for responsive e-mails. It is understandable that Illiana's attorneys would need to consult with an expert in litigation support and e-discovery to prepare for the deposition and learn what types of questions they should ask to assure that Hartford took the steps necessary to search its electronic records. It was Hartford's conduct that led Illiana to hire Sparano for this purpose, and it cannot now avoid the cost it made necessary.

Hartford next contests that Illiana's costs are not recoverable because they did not offer any supporting documentation or detail. Hartford cites to *Taneff v. Calumet Township*, 2009 WL 500558, *4 (N.D. Ind. Feb. 26, 2009) in support of its argument. In *Taneff*, the defendants prevailed in defending the merits of the suit and sought costs and fees from the plaintiff. The plaintiff objected to the copying costs sought by the defendants. The court explained that the defendant did not provide any documentation to support its request for photocopying and printing costs. *Taneff,* 2009 WL 500558 at *4. Because of this, the court could not determine whether the copies were necessary. Such is not the case here.

Most of Illiana's costs were associated with research which was necessary to prepare its motions, memorandums, and responses. Illiana cited to the date the research was conducted, the website it used to perform the research, and the cost index. Illiana also requested mileage, parking, and tolls for traveling to the deposition. These costs were well documented and are recoverable because they related to Hartford's failure to produce a competent witness. Illiana also included costs for a copy of the 8/24/2011 hearing transcript prepared by court reporter Richard D. Ehrlich. This expense was well documented, because it identified the hearing, names the court reporter who prepared the report, and reflected the amount Illiana had to pay for the specific transcript. The court will allow Illiana to recover these costs.

Hartford next challenges the hourly rates charged by Illiana's attorneys. The court previously rejected Hartford's challenge to Illiana's hourly rates, and will not readdress the issue. *See* DE 220.

Based on the foregoing reasons, Illiana is awarded $81,997.60 in attorneys' fees.

Illiana also moves to compel Hartford to produce e-mails exchanged among thirteen individuals that are stored on Hartford's e-mail backup system. Hartford responded that it has not refused to comply but that the cost for the ESI related discovery should be shifted to Illiana. For this same reason, Hartford moves for a protective order.

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or

may be in the case." ***Chavez v. DaimlerChrysler Corp.***, 206 F.R.D. 615, 619 (S.D. Ind.

2002)(quoting ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57

L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses

identified in the pleadings, the information still may be relevant to the broader subject matter at

hand and meet the rule's good cause standard. ***Borom v. Town of Merrillville***, 2009 WL

1617085, *1 (N.D. Ind. June 8, 2009) (citing ***Sanyo Laser Prods., Inc. v. Arista Records, Inc.***,

214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see also* ***Adams v. Target***, 2001 WL 987853, *1 (S.D.

Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the

subject matter involved in the action."); ***Shapo v. Engle***, 2001 WL 629303, *2 (N.D. Ill. May 25,

2001)("Discovery is a search for the truth.").

    A party may seek an order to compel discovery when an opposing party fails to respond

to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil**

**Procedure 37(a)(2)-(3)**. The burden "rests upon the objecting party to show why a particular

discovery request is improper." ***Gregg v. Local 305 Ibew***, 2009 WL 1325103, *8 (N.D. Ind.

May 13, 2009)(citing ***Kodish v. Oakbrook Terrace Fire Protection Dist.***, 235 F.R.D. 447, 449-

50 (N.D. Ill. 2006)); ***McGrath v. Everest Nat. Ins. Co.***, 2009 WL 1325405, *3 (N.D. Ind. May

13, 2009)(internal citations omitted); ***Carlson Restaurants Worldwide, Inc. v. Hammond***

***Professional Cleaning Services***, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal

citations omitted). The objecting party must show with specificity that the request is improper.

***Cunningham v. Smithkline Beecham***, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(citing ***Graham v.***

***Casey's General Stores***, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by

"a reflexive invocation of the same baseless, often abused litany that the requested discovery is

vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (citing ***Burkybile v. Mitsubishi Motors Corp.***, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." ***Berning v. UAW Local 2209***, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining ***Patterson v. Avery Dennison Corp.,*** 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted). *See also,* ***Hunt v. DaVita, Inc.***, 680 F.3d 775, 780 (7th Cir. 2012)(explaining that the district court has broad discretion in supervising discovery).

Hartford also moved for a protective order to transfer the costs of discovery. A party may move for a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." **Rule 26(c)(1).** Like a party objecting to a motion to compel, the party requesting the protective order carries the burden of demonstrating good cause and can satisfy that burden by showing an adequate reason for the order. **8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2035 (3d ed. 1998).** *See also* ***Gregg v. Local 305 IBEW***, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009) ("The burden rests upon the objecting party to show why a particular discovery request is improper." (citing ***Kodish v. Oakbrook Terrace Fire Protection Dist***., 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); ***McGrath v. Everest National Insurance Co.***, 2009 WL 1325405, *3 (N.D.Ind. May 13, 2009); ***Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning***

*Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)). Specific factual demonstrations are required to establish that a particular discovery request is improper and that good cause exists for issuing the order. *See **Felling v. Knight***, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("To establish good cause a party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements .' ") (quoting ***Wilson v. Olathe Bank***, 184 F.R.D. 395, 397 (D.Kan. 1999)) (quoting ***Gulf Oil Co. v. Bernard***, 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)). *See also **Harrisonville Telephone Co. v. Ill. Commerce Comm'n***, 472 F.Supp.2d 1071, 1078 (S.D. Ill. 2006) (stating that in order to establish good cause, the movant must rely on particular and specific demonstrations of fact, rather than conclusory statements).

Illiana seeks production of electronically stored information.  Rule 26(b)(2)(B) states that:

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

When addressing how to allocate the costs associated with ESI, the district courts within this circuit have adopted an eight part test.  ***First Financial Bank, N.A. v. Bauknecht***, 2013 WL 3833039, *2 (C.D. Ill. July 23, 2013); ***Mirbeau of Geneva Lake LLC v. City of Lake Geneva***, 2009 WL 3347101, *3 (E.D. Wis. Oct. 15, 2009)***; Wiginton v. CB Richard Ellis, Inc***., 229 F.R.D. 568, 573 (N.D. Il. 2004).  The factors to be considered are as follows:

1) the likelihood of discovering critical information; 2) the availability of such
information from other sources; 3) the amount in controversy as compared to the
total cost of production; 4) the parties' resources as compared to the total cost of
production; 5) the relative ability of each party to control costs and its incentive to
do so; 6) the importance of the issues at stake in the litigation; 7) the importance
of the requested discovery in resolving the issues at stake in the litigation; and 8)
the relative benefits to the parties of obtaining the information.

The court will apply these factors, keeping in mind that in addition to the presumption

that the producing party should bear the cost of discovery, discovery also was re-opened as a

sanction for Hartford's repeated failure to comply with Illiana's repeated discovery requests. *See*

***First Financial***, 2013 WL 3833039 at *2 ("Normally, the responding party pays the cost of

producing documents."). The court first considers the likelihood of discovering critical

information. Many of the documents Hartford has produced with its claim file have been e-mails

retained by its outside claim adjuster. Hartford does not dispute that the e-mails produced to

date have supported Illiana's claim. Illiana states that some of its key exhibits in its first motion

for sanctions never had been produced by Hartford, and for this reason it believes that Hartford

may hold additional e-mails that are critical to its case. Logic suggests that because the e-mails

to date have had bearing on Illiana's claim, additional e-mails likewise could be relevant to

Illiana's claim.

In the cases on which the parties rely, the parties had conducted test searches to show the

likelihood that further production would yield responsive results. The court analyzed the

response rate as part of its analysis. In its reply brief, Illiana suggests that Hartford initially

could select 4 or 8 weeks of backup tapes to restore rather than every weekly backup for the

entire adjustment period. This is a reasonable limitation that would provide insight on whether

further exploration is warranted and reduce speculation on what might be recovered. Although Hartford suggests that any search would be duplicative because many e-mails already have been turned over, without some searching, it is impossible to know how many additional e-mails that bear on Illiana's claim exist. This is particularly true because the e-mails provided to date largely were turned over by Fisher-Kanaris, the outside claims adjuster, and do not include intra-office communications at Hartford. Hartford's conduct to date also makes its representations that the search would be duplicative less credible, as it repeatedly has represented that all documents were produced and has continued to turnover additional documents. Moreover, Hartford argues that the e-mails would have no bearing on the damages Illiana suffered, but it offers no explanation to show why the e-mails would not bear on Illiana's bad faith claim. This factor does not support shifting the costs.

The court next considers the availability of the information from another source. Hartford explains that its claims adjuster already has turned over a myriad of e-mail correspondence related to Illiana's claim. Hartford complains that Illiana has made no effort to obtain additional e-mails from other sources. This argument is unpersuasive. Hartford is in control and possession of its intra-office e-mails, and these e-mails would not be available from other sources. Any electronic document that was not forwarded would be available only on the backup tapes.

With regard to the next factor, Illiana states that the amount in controversy is several million dollars and that its bad faith claim will generate multiples of that. Hartford argues that the significant cost of restoring the tapes weighs in favor of cost shifting regardless of the plaintiff's total damages and argues that archival back-up tapes generally are not discoverable.

*See Annex Books, Inc. v. City of Indianapolis*, 2012 WL 892170, *4 (S.D. Ind. March 14, 2012). However, Hartford has not cited to any cases that suggest this is true. Rather, the courts have employed the eight factor test to determine the most equitable outcome. Simply because some cases deny cost-shifting does not mean it usually is inappropriate. This is just one factor among many the court may weigh. Here, the cost is significant — approximately $200,000— but so are the damages Illiana seeks. If this factor weighs in favor of Hartford, it is only slightly.

Next, the court considers the parties resources as compared to the total cost of production. Hartford argues that the only relevant factor is whether both parties have sufficient resources to conduct the litigation and that Illiana never has lacked the financial resources to pursue its claims despite its pending bankruptcy. It is true that both parties have been able to afford litigation to date, but Illiana is in bankruptcy and Hartford is a multi-billion dollar company. Certainly, this factor does not weigh in favor of shifting the expense.

The fifth factor the court considers is the relative ability of each party to control costs and its incentive to do so. Hartford has stated that the searches must be done internally. Therefore, it is in the best position to control costs and would have incentive to do so. This factor weighs against shifting the cost.

Next, the court considers the importance of the issues at stake in the litigation. Hartford argues that it is a private dispute and that its outcome will not affect the public generally. Illiana attempts to shape it as a public dispute by arguing that the court cannot permit an insurer to put a litigation hold on relevant evidence, transfer information to a backup tape system, and then shift the cost. The outcome of this matter would not affect the public generally, and the court agrees that this is private matter. However, the resolution of this particular dispute may have

24

implications on the methods of retaining relevant discovery.

Illiana argues that the internal communications it seeks are at the core of its bad faith claim. Although the communications will not bear on the coverage dispute, as Hartford points out, these communications clearly are relevant to Hartford's conduct handling the insurance claim.

Hartford further complains that the information sought would not be beneficial to either party. Illiana has not shown that any material information has not yet been produced, and the information sought is duplicative. The court disagrees. Illiana seeks Hartford's internal e-mails. Because these e-mails were not sent outside of the office, they likely have not been produced by Fisher Kanaris. Hartford has not searched any of its electronically stored information, and it is impossible to discern what information may be available if it did. Given that the e-mails produced to date have revealed information that supports Illiana's claim, it appears that a more expansive search likewise would produce documents that would support its claim. However, the court cannot be certain how many documents exist or to what degree they would benefit Illiana.

In their briefs, the parties proposed limits on the search, including the search terms and number of tapes to search. The parties should have engaged in meaningful discussions of these limitations prior to filing their motions with the court. Because the court is unable to estimate how much critical information may be available on the back-up tapes and the relative importance of the documents, the court will **GRANT** Illiana's motion to compel and **DENY** Hartford's motion for a protective order, but will place limits on the search as proposed by the parties in their briefs. Hartford is **ORDERED** to restore eight weeks worth of backup tapes at its expense and to search for the e-mails sent to or from the thirteen individuals Illiana identified— Patricia

Augieri, Elaine Bedard, Arlene Carson, Houston Hemp, Kevin Majewski, Michael Nigohsian, Ronald Paice, Steve Palazzolo, Karen Powell, Troy Rhinehart, Michael Rohan, Jim Rumpf, and Janice Scalf. If, after the search is complete, Illiana can show that further exploration is necessary, it can renew its motion.

Because the court has ruled on the written motions, the Motion to Request Oral Argument on Hartford's Motion for Protective Order [DE 288] is **DENIED**.

Based on the foregoing reasons, the Motion to Compel Production of Documents [DE 277] is **GRANTED**; the Motion for Protective Order [DE 280] is **DENIED**; the Motion for Attorney Fees [DE 286] is **GRANTED IN PART** and **DENIED IN PART**; the Motion to Request Oral Argument on Hartford's Motion for Protective Order [DE 288] is **DENIED**; the Motion to Amend/Correct the Motion for Attorneys Fees [DE 292] is **GRANTED**; and the Motion for Leave to File Sur-Reply [DE 296] is **GRANTED.**

ENTERED this 19th day of March, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge

| Date | Name | Hours | Rate | Amount | Description | Objection | Explanation | Amount Allowed |
|---|---|---|---|---|---|---|---|---|
| 9/2/2011 | Thomas | 3.1 | $280 | 868 | Reviewed Order on Motion for Sanctions; developed plan for supplemental disc | Beyond Scope | Within Scope | 868 |
| 9/6/2011 | Thomas | 2.3 | $280 | 644 | Developed discovery plan; Conferred with Snemis | Beyond Scope; Duplicative; Excessive | | 644 |
| 9/15/2011 | Snemis | 0.2 | 415 | 83 | Conferred with Thomas RE: costs associated w/supplemental discovery | Beyond Scope | Within Scope | 83 |
| 9/15/2011 | Snemis | 0.3 | 415 | 124.5 | Conferred with Thomas RE: supplemental depositions/discovery | Beyond Scope | Within Scope | 124.5 |
| 9/16/2011 | Thomas | 0.4 | 280 | 112 | Corresponded w/ Heiss re: order on sanctions | Beyond scope | Within Scope | 112 |
| 9/21/2011 | Thomas | 2 | 280 | 560 | Revised draft subpoenas; revised request for production | Beyond scope | Within Scope | 560 |
| 9/22/2011 | Snemis | 0.2 | 415 | 83 | Conferred w/ Thomas re: discovery | Beyond scope | Within Scope | 83 |
| 9/29/2011 | Snemis | 0.7 | 415 | 290.5 | Conferred w/ Thomas re: discovery | Beyond Scope | Within Scope | 290.5 |
| 9/30/2011 | Thomas | 2.8 | 280 | 784 | Revisions to discovery; drafted 30(b)(6) subpoena | Beyond Scope; Duplicative; Excessive | Within Scope; Made r | 784 |
| 9/30/2011 | Snemis | 0.4 | 415 | 166 | Worked on 30(b)(5) deposition notice and doc requests | Beyond Scope; Duplicative; Excessive | Hartford provided no | 166 |
| 10/3/2011 | Thomas | 2.1 | 280 | 588 | Revised 30(b)(6) notice; revised second request for production | Beyond Scope; Duplicative; Excessive | | 588 |
| 10/4/2011 | Thomas | 3.2 | 280 | 896 | Reviewed Docs produced Jan. 2011; revised discovery; revised 30(b)(5) depositio | Beyond Scope; Duplicative; Excessive | | 896 |
| 11/21/2011 | Thomas | 4.3 | 280 | 1204 | Reviewed Heiss correspondence; reviewed discovery requests; corresponded re: | Beyond Scope; Block Billing | | 1204 |
| 1/13/2012 | Snemis | 0.5 | 430 | 215 | Reviewed objections to second request for production; set up scheduling confer | Beyond Scope | Within Scope | 215 |
| 1/15/2012 | Snemis | 0.3 | 430 | 129 | Attention to emails from Thomas re: discovery | Beyond Scope; Vague | Within Scope | 129 |
| 1/15/2012 | Thomas | 0.3 | 315 | 94.5 | Conferred regarding potention motion to compel | Beyond Scope; Vague | Outside scope- relate | 0 |
| 1/18/2012 | Thomas | 1.3 | 315 | 409.5 | Reviewed Hartford's objections; corresponded re: discovery responses; Drafted | Beyond Scope; Block Billing | Block Billing | 0 |
| 1/23/2012 | Thomas | 2.1 | 315 | 661.5 | Drafted subpoenas and notices of deps; call with Heiss re: discovery | Beyond Scope; Block Billing; Clerical | | 661.5 |
| 1/23/2012 | Thomas | 0.7 | 430 | 301 | Call re: discovery disputes | Beyond Scope; Duplicative | | 301 |
| 1/24/2012 | Thomas | 0.2 | 315 | 63 | Corresponded w/ Heiss re: depositions | Beyond Scope | Within Scope | 63 |
| 1/26/2012 | Thomas | 0.2 | 430 | 86 | Read email exchanges btwn Heiss and Thomas | Beyond Scope | | 86 |
| 1/27/2012 | Thomas | 0.3 | 315 | 94.5 | Reviewed Hartford's response | Beyond Scope; Duplicative | | 94.5 |
| 2/2/2012 | Thomas | 1.9 | 315 | 598.5 | Reviewed notices and subpoenas for additional discovery | Beyond Scope | Within Scope | 598.5 |
| 2/8/2012 | Thomas | 2.1 | 315 | 661.5 | Prepared for 30(b)(6) of Hartford | Beyond Scope | Within Scope | 661.5 |
| 2/13/2012 | Thomas | 2.6 | 315 | 819 | Prepared for deposition; corresponded with Heiss | Beyond Scope | Within Scope | 819 |
| 2/14/2012 | Thomas | 1.9 | 315 | 598.5 | Met w/Sparano re: deposition; corresponded w/ Heiss; drafted and filed motion | Beyond Scope; Block billing | Within Scope | 598.5 |
| 2/14/2012 | Sparano | 1.5 | 265 | 397.5 | Conference w/ Thomas re: prep for deposition | Beyond Scope; Unnecessary; Duplicative | | 397.5 |
| 2/15/2012 | Thomas | 1.8 | 315 | 567 | Preparation for deposition | Beyond Scope | | 567 |
| 2/16/2012 | Thomas | 0.8 | 315 | 252 | Reviewed insurance regulations re: retention of files | Beyond Scope | Within Scope | 282 |
| 3/19/2012 | Thomas | 0.6 | 315 | 189 | Conferred w/Snemis re: discovery | Beyond Scope; Excessive | | 189 |
| 4/3/2012 | Snemis | 0.4 | 430 | 172 | Reviewed new documents produced by Fisher Kanaris | Beyond Scope | Within Scope | 172 |
| 4/3/2012 | Thomas | 1 | 315 | 315 | Reviewed documents produced by Fisher Kanaris | Beyond Scope | Within Scope | 315 |
| 4/13/2012 | Thomas | 0.4 | 315 | 126 | Corresponded w/Heiss; Attention to discovery | Beyond Scope; Vague | | 126 |
| 4/19/2012 | Thomas | 0.4 | 315 | 126 | Corresponded w/ Heiss | Beyond Scope; Vague | | 126 |
| 4/19/2012 | Snemis | 0.2 | 430 | 86 | Conferred w/ Thomas re: offer of deposition witness prior to doc production | Beyond Scope | Within Scope | 86 |
| 4/23/2012 | Thomas | 0.4 | 315 | 126 | Prepared Motion to enlarge discovery deadline | Beyond Scope | Within Scope | 126 |
| 4/24/2012 | Thomas | 0.9 | 315 | 283.5 | Corresponded w/ Heiss; reviewed motion to extend discovery; reviewed respons | Beyond Scope; Vague; Excessive | | 283.5 |
| 4/25/2012 | Thomas | 0.3 | 315 | 94.5 | Reviewed court order issued today | Beyond Scope; Excessive | | 94.5 |
| 5/1/2012 | Thomas | 0.4 | 315 | 126 | Reviewed court order and filings | Beyond Scope; Excessive | No filings; Vague | 0 |
| 5/10/2012 | Thomas | 3.4 | 315 | 1071 | Reviewe docs produced by Fisher Kanaris; reviewed docs previously produced to | Beyond Scope | Within Scope | 1071 |
| 5/11/2012 | Thomas | 3.3 | 315 | 1,039.50 | Summarized Fisher Kanaris documents; corresponded with Heiss; gathered docu | Beyond Scope; Block Billing; Clerical | | 0 |
| 6/27/2012 | Thomas | 0.4 | 315 | 126 | Prepared motion to extend deadline | Beyond Scope | Block Billing | 126 |
| 8/17/2012 | Thomas | 1.8 | 315 | 567 | Drafted summary of Aug. 9, 2012 order; corresponded with client; drafted motio | Beyond Scope; Clerical; Block Billing | | 567 |
| 9/22/2012 | Snemis | 0.2 | 430 | 86 | Emailed Thomas regarding status of depositions | Beyond Scope | Within Scope | 86 |
| 9/24/2012 | Thomas | 0.5 | 315 | 157.5 | Prepared deposition notice; served the same | Beyond Scope; Clerical | | 157.5 |
| 10/3/2012 | Thomas | 0.4 | 315 | 126 | Corresponded with Heiss re: deposition | Beyond Scope | Within Scope | 126 |
| 10/4/2012 | Thomas | 0.6 | 315 | 189 | Prepared for 30(b)(6) of Hartford | Beyond Scope | Within Scope | 189 |
| 10/5/2012 | Thomas | 1 | 315 | 315 | Prepared for 30(b)(6) of Hartford | Beyond Scope | Within Scope | 315 |
| 10/8/2012 | Louis Spar. | 1 | 265 | 265 | Attended meeting re: 30(b)(6) deposition | Beyond Scope; Unnecessary; Duplicative | | 265 |

| Date | Name | Hours | Rate | Amount & Description | Objection | Ruling | Total |
|---|---|---|---|---|---|---|---|
| 10/8/2012 | Thomas | 2.3 | 315 | 724.5 Met with Sparano and prepared for deposition | Beyond Scope; Unnecessary | Within Scope | 724.5 |
| 10/9/2012 | Thomas | 1 | 315 | 315 Gathered documents for deposition | Beyond Scope; Clerical | | 315 |
| 10/10/2012 | Thomas | 3.8 | 315 | 1,197 Revised outline for deposition | Beyond Scope | Within Scope | 1,197 |
| 10/11/2012 | Thomas | 1.5 | 315 | 472.6 Revised outline for deposition | Beyond Scope | Within Scope | 472.6 |
| 10/12/2012 | Thomas | 0.5 | 315 | 157.5 Corresponded with Heiss re: deposition | Beyond Scope | Within Scope | 157.5 |
| 10/15/2012 | Snemis | 0.3 | 430 | 129 Exchanged emails re: depositions | Beyond Scope | Within Scope | 129 |
| 10/15/2012 | Thomas | 0.5 | 315 | 157.5 Corresponded with Heiss and Snemis re: depositions | Beyond Scope | Within Scope | 157.5 |
| 10/16/2012 | Snemis | 0.3 | 430 | 129 Call from Kanaris re: depositions; correspondance w/Thomas | Beyond Scope | Within Scope | 129 |
| 10/16/2012 | Thomas | 0.8 | 315 | 252 Call from Snemis re: deposition; correspondance w/ Heiss | Beyond Scope; Excessive | | 252 |
| 10/17/2012 | Thomas | 1.1 | 315 | 346.5 E-mails re: deposition; revised notice of dep | Beyond Scope; Clerical | | 346.5 |
| 10/18/2012 | Thomas | 2.1 | 315 | 661.5 Reviewed documents produced by Hartford | Beyond Scope | Within Scope | 661.5 |
| 10/19/2012 | Thomas | 1.3 | 315 | 409.5 Updated outline for upcoming deposition | Beyond Scope | Within Scope | 409.5 |
| 10/22/2012 | Thomas | 1.5 | 315 | 472.5 Revised outline for deposition | Beyond Scope; Excessive | | 472.5 |
| 10/29/2012 | Thomas | 0.6 | 315 | 189 Call to Heiss re: depositions | Beyond scope | Within Scope | 189 |
| 10/30/2012 | Thomas | 1.2 | 315 | 378 Correspond w/ Heiss; draft fifth mtn to enlarge discovery | Beyond scope | Within Scope | 378 |
| 10/31/2012 | Thomas | 0.7 | 315 | 220.5 attention to ct order; gather notice documents | Beyond scope | Within Scope | 220.5 |
| 11/1/2012 | Thomas | 2.6 | 315 | 819 Correspond w/ Heiss; revise notice; prepare exhibits for deposition | Beyond scope; Clerical | | 819 |
| 11/5/2012 | Thomas | 3.5 | 315 | 1,102.50 Review objection to deposition; correspond on discovery; revise outline for dep | Beyond scope; Block Billing; Excessive | | 1102.5 |
| 11/6/2012 | Thomas | 8.9 | 315 | 2,803.50 Research documents for identity of Hartford custodians; researched Moynihan | Beyond scope; Block Billing; Excessive | Reduce research time | 0 |
| 11/7/2012 | Thomas | 17.7 | 315 | 5,575.50 Traveled to/from Chicago; reviewed documents; depositions; | Beyond scope; Excessive; Unnecessary | | 5575.5 |
| 11/7/2012 | Snemis | 1.5 | 430 | 645.00 Conferred w/ Thomas re: deposition and late production of documents; review | Beyond scope; Excessive | | 645 |
| 11/8/2012 | Thomas | 2.7 | 315 | 850.50 Reviewed documents produced at deposition; Conferred w/ Snemis | Beyond Scope | Within Scope | 850.5 |
| 11/15/2012 | Thomas | 2.9 | 315 | 913.50 Reviewed new documents; drafted motion for sanctions | Block Billing | | 913.5 |
| 11/16/2012 | Thomas | 2.7 | 315 | 850.50 Reviewed notes from deposition; researched sanction motion | Block Billing | Reduce research time | 0 |
| 11/17/2012 | Thomas | 3.4 | 315 | 1,071 Reviewed new documents produced by Hartford | Beyond Scope | Within Scope | 1071 |
| 11/18/2012 | Thomas | 3.9 | 315 | 1,228.50 Continued review of Hartford's new documents | Beyond Scope | No objection | 1228.5 |
| 11/19/2012 | Thomas | 3.2 | 315 | 1,008.00 Continued research and review of sanction motion | Excessive | Reduce research time | 567 |
| 11/20/2012 | Thomas | 5.6 | 315 | 1,764.00 Reviewed transcript; revised motion for sanctions; research | Block Billing; Excessive | | 1764 |
| 11/21/2012 | Thomas | 1.3 | 315 | 409.50 Summarized Moynihan's deposition | Clerical | Rejected argument-s | 409.5 |
| 11/26/2012 | Thomas | 3.3 | 315 | 1,039.50 Reviewed Moynihan testimony; prepared motion for sanctions | Excessive | | 1039.5 |
| 11/27/2012 | Thomas | 2.3 | 315 | 724.50 Reviewed documents | | No objection | 724.5 |
| 11/28/2012 | Thomas | 2.1 | 315 | 661.50 Reviewed errata sheet | Excessive | | 661.5 |
| 11/30/2012 | Thomas | 3.6 | 315 | 1,134.00 Researched 30(b)(6) witnesses | Excessive | | 1134 |
| 12/2/2012 | Thomas | 1.4 | 315 | 441.00 Revised motion | | | 441 |
| 12/3/2012 | Thomas | 6.7 | 315 | 2,110.50 Revised Motion; researched | Block Billing; Excessive; Clerical | These are non-clerica | 2110.5 |
| 12/4/2012 | Thomas | 5.4 | 315 | 1,701.00 Revised Second Motion for Sanctions; Conferred with Snemis and Burke | Excessive | | 1701 |
| 12/5/2012 | Snemis | 2.6 | 430 | 1,118.00 Worked on Second Motion for Sanctions | Vague | | 1118 |
| 12/5/2012 | Thomas | 5.9 | 315 | 1,858.50 Reviewed comments and revised motion | Block Billing; Excessive | | 1858.5 |
| 12/6/2012 | Thomas | 6.2 | 315 | 1,953.00 Conferred with Snemis; revised motion | Duplicative; Excessive; Clerical; Block Billing | | 1953 |
| 12/7/2012 | Snemis | 3.4 | 430 | 1,462.00 Met with Thomas re: motion for sanctions | | No objection | 1462 |
| 12/7/2012 | Thomas | 7.1 | 315 | 2,236.00 Revised draft sanction motion; gathered exhibits; conferred | Block Billing; Clerical; Duplicative; Unnecessary | | 2236 |
| 12/11/2012 | Snemis | 0.3 | 430 | 129.00 Teleconference regarding motion for sanctions | | | 129 |
| 12/12/2012 | Snemis | 0.6 | 315 | 189.00 Strategized with Burke re: next steps; conferred with Sparano re: tape backup re | Block Billing re Block billing; unnecessary | | 189 |
| 12/20/2012 | Thomas | 0.5 | 315 | 157.50 Corresponded with Heiss re: motion for sanctions; Conferred w/ Burke and Snemis | Block Billing; unnecessary | | 157.5 |
| 12/31/2012 | Thomas | 2.8 | 315 | 882.00 Attention to Hartford correspondence; review new docs | Beyond Scope | Within Scope | 882 |
| 12/31/2012 | Spellman | 1 | 255 | 255.00 Breakout PDF file for new docs | Block Billing; unnecessary | | 255 |
| 1/2/2013 | Thomas | 3.2 | 330 | 1,056.00 Review new docs; call with Burke re: new docs | Beyond Scope | All activities recovera | 1056 |
| 1/3/2013 | Thomas | 2.4 | 330 | 792.00 Reviewed correspondence from Heiss | Block Billing; unnecessary | No objection | 792 |
| 1/4/2013 | Thomas | 1.6 | 330 | 528.00 Reviewed response to second motion for sanctions; review hearing | Excessive | | 528 |
| 1/7/2013 | Thomas | 3.6 | 330 | 1,188.00 Continued reviewing response; conferred with Burke & Snemis re: reply | Block Billing; Excessive; Unnecessary | | 1188 |

| Date | Name | Rate | Hours | Description | Note | Amount |
|---|---|---|---|---|---|---|
| 1/8/2013 | Thomas | 330 | 6.6 | 2,178.00 communicate with clients re: new docs/ mtn for sanctions; reviewed and drafted | Block billing; Excessive; Duplicative | 2178 |
| 1/9/2013 | Thomas | 330 | 3.5 | 1,155.00 Review of case law on sanctions; summarized Hartford's statements; reviewed H | Block billing, Excessive; Duplicative | 1155 |
| 1/10/2013 | Thomas | 330 | 5.6 | 1,848.00 Revised reply brief, researched case law | Block Billing; Excessive | Reduce research time | 0 |
| 1/11/2013 | Thomas | 330 | 2.3 | 759.00 Conferred with Snemis re: brief; gathered discovery motions and prepared chart | Excessive | 759 |
| 1/11/2013 | Snemis | 450 | 7.3 | 3,285.00 Worked on reply brief | Vague; Excessive | 3285 |
| 1/12/2013 | Thomas | 330 | 1.6 | 528.00 Revised reply brief and added deposition citations | Clerical; Excessive; Duplicative | 528 |
| 1/13/2013 | Thomas | 330 | 7.3 | 2,409.00 Researched caselaw; gathered evidence; revised reply brief | Excessive; block billing; clerical; duplic | Reduce research time | 1287 |
| 1/14/2013 | Snemis | 450 | 5.3 | 2,385.00 Worked on reply brief | Vague | 2385 |
| 1/14/2013 | Thomas | 330 | 9 | 2,970.00 Researched caselaw; finalized charts for exhibits; checked cites | Excessive; Block billing; duplicative | 2970 |
| 5/17/2013 | Thomas | 330 | 1.8 | 594.00 Reviewed Order of May 17, 2012 and considered next steps | Duplicative; Excessive | 594 |
| 5/17/2013 | Snemis | 450 | 0.6 | 270.00 Reviewed order on motion or sanctions; discussed with Thomas | No objection | 270 |
| 5/20/2013 | Thomas | 330 | 2.2 | 726.00 Reviewed order; drafted new discovery | Block Billing; Duplicative; Excessive | 726 |
| 5/21/2013 | Thomas | 330 | 2.1 | 693.00 Reviewed past discovery; Drafted new discovery | Block Billing; Duplicative; Excessive | 693 |
| 5/23/2013 | Snemis | 450 | 0.5 | 225.00 Worked on discovery requests | No objection | 225 |
| 5/31/2013 | Thomas | 330 | 0.6 | 198.00 Corresponded with Kanaris | No objection | 198 |
| 6/7/2013 | Thomas | 330 | 0.5 | 165.00 Revised new discovery | Duplicative | 165 |
| 6/7/2013 | Thomas | 450 | 2.5 | 1,125.00 Worked on discovery requests; Directed Thomas to add new requests | Excessive | 1125 |
| 6/14/2013 | Thomas | 330 | 0.4 | 132.00 Revised supplemental requests for production & Rule 30(b)(6) notice | No objection | 132 |
| 6/14/2013 | Snemis | 450 | 1.5 | 675.00 Worked on discovery requests to Hartford | Duplicative; Excessive | 675 |
| 7/10/2013 | Thomas | 450 | 0.4 | 132.00 Received and served discovery requests on Hartford | No objection | 132 |
| 8/5/2013 | Thomas | 330 | 0.4 | 132.00 Corresponded with Kanaris & Burke | Block billing; unnecessary | 132 |
| 8/6/2013 | Thomas | 330 | 0.2 | 66.00 Corresponded with Kanaris | No objection | 66 |
| 8/8/2013 | Thomas | 330 | 0.4 | 132.00 Corresponded with Heiss & Burke; Discussed next steps | Block billing; unnecessary | 132 |
| 8/12/2013 | Thomas | 330 | 1.1 | 363.00 Conference call with Heiss & Kanaris; reviewed response to third request for pro | Block Billing; duplicative | 363 |
| 8/12/2013 | Snemis | 450 | 1.1 | 195.00 prepared for conference call with opposing counsel | No objection | 195 |
| 8/13/2013 | Thomas | 330 | 0.6 | 198.00 Reviewed discovery responses; call with Burke re: status | Block Billing; Duplicative; Unnecessary | 198 |

|  |  |  |  |  | | 79639.1 |
|  |  |  |  | Costs | | 2,358.50 |
|  |  |  |  | Total | | 81997.6 |