**United States District Court
Northern District of Indiana
Hammond Division**

| | | |
|---|---|---|
| ILLIANA SURGERY AND MEDICAL CENTER LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 2:07-CV-3 JVB |
| HARTFORD FIRE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Defendant Hartford Fire Insurance Company has filed objections to Magistrate Judge Andrew Rodovich's order of July 10, 2014 (DE 304). In that order (DE 303), Judge Rodovich ruled that, if Hartford re-filed its motions for summary judgment against Plaintiffs Illiana Surgery and Medical Center LLC and iHeathcare Inc. ("Illiana") pursuant to this Court's order of September 7, 2011, it could only re-file its previous motions for summary judgment that this Court had denied without prejudice. Hartford asks this Court to modify Judge Rodovich's ruling to allow it to file new motions for summary judgment. For the reasons set out below, the Court OVERRULES Hartford's objections and declines to modify Judge Rodovich's order.

**A.    Standard of Review**

In considering objections to a magistrate judge's order on a nondispositive matter, a district court may modify or set it aside only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clear error standard a district court can overturn a magistrate

judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. *Weeks v. Samsung Heavy Indus. Co., Ltd.* 126 F.3d 926, 943 (7th Cir. 1997). Under the contrary to law standard, the district court undertakes a plenary review of purely legal determinations, setting them aside only if the magistrate judge applied an incorrect legal standard, or if it misapplied the relevant statutes, case law, or rules of procedure, *Barton v. Zimmer Inc.*, 2008 WL 2484604, *1 (N.D. Ind. June 19, 2008).

**B.     Background**

On December 9 or 10, 2004, someone accessed and destroyed Illiana's medical management computer system. Hartford was Illiana's insurer under a policy that covered lost business personal property and electronic vandalism. Illiana sued Hartford on December 7, 2006, alleging breach of the insurance contract and breach of its duty of good faith and fair dealing.

Hartford's belated production of claims file documents resulted in this Court's order of September 2, 2011, reopening discovery for Illiana alone and sanctioning Hartford by requiring it to pay Illiana's attorney fees. The order further stated that following the close of discovery, Illiana could file supplements to its motion for summary judgment and its responses to Hartford's motions for summary judgment. Then, on September 7, 2011, this Court entered an order that denied the pending motions for summary judgment without prejudice and with leave to re-file after discovery closed.

**C.     Discussion**

Magistrate Judge Rodovich's interpretation of this Court's orders of September 2 and 7, 2011, is not clearly erroneous or contrary to law. When the Court sanctioned Hartford by re-opening discovery and allowing Illiana to supplement its summary judgment motion and responses to Hartford's motions, it did not intend to give Hartford the opportunity to revise, re-prioritize, or re-articulate its summary judgment arguments. The privilege of supplementing its motion was granted to Illiana alone. The Court did not intend to burden Illiana with the chore of responding to new arguments from Hartford. While Hartford characterizes the failure to allow it to file re-tooled motions as an additional sanction on it, this is not the case. Rather, it is a refusal to reward Hartford for its violation of discovery orders by allowing it a second bite at the apple.

Hartford also asks for a modification of Judge Rodovich's order which would permit it to address any new legal or factual arguments made by Plaintiffs and to make use of the entire evidentiary record in any future proceedings or at trial. Judge Rodovich's order did not address what evidence Hartford may use in the summary judgment briefing or at trial and neither will this Court.

**D.  Conclusion**

For the foregoing reasons, Hartford's objections to Magistrate Judge Rodovich's order of July 10, 2014, (DE 304) are OVERRULED.

SO ORDERED on October 6, 2014.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge